ROSE M. HARTNETT, Appellant, *v.* HOME LIFE INSURANCE COMPANY, Respondent.

Fourth Department, April 12, 1963.

282

*Honan, Kane & McLoughlin* (*James J. McLoughlin* of counsel), for appellant.

*Dudley, Stowe & Sawyer* (*Roy P. Ohlin* of counsel), for respondent.

BASTOW, J. P. This action was brought to recover the amount claimed due upon a life insurance policy issued by defendant to plaintiff's husband in which plaintiff was named as beneficiary. Defendant asserted, among other defenses, that the insured had made certain material misrepresentations in applying for the policy and alleged that if the true facts had been known they would have led to a refusal to issue the policy. Tender was made of the paid premiums.

The jury returned a general verdict in favor of plaintiff. Thereafter the trial court without entertaining a motion to set aside the verdict granted a reserved motion made by defendant and directed a verdict in plaintiff's favor for the amount of the tendered premiums which in effect denied plaintiff the right to recover the face amount of the policy. The court assigned no reasons for its decision but it may be assumed the Trial Judge decided as a matter of law that one or more of the defenses had been established. This was erroneous but for reasons herein stated we may not reinstate the verdict but must direct a new trial.

The policy was issued on January 25, 1956. Attached thereto was an application signed by the insured and a portion thereof consisted of declarations made to the medical examiner on January 14, 1956. In answer to a question therein insured told the examiner that he had never had or had been told that he had or had been treated for, among other conditions, high blood pressure. Insured further stated that he had not consulted or been treated or examined by any physician during the previous five years for any reason except that he had consulted a named physician in 1955 for a cold.

Upon the trial there was clear proof from the named physician that on November 7, 1955 he examined the insured and found

high blood pressure. But there was no proof that this information was imparted directly to the insured. In response to a direct question as to whether or not insured had been told of the hypertension the doctor replied " I prescribed medicine for it." The doctor issued a prescription for serpasil—an antihypertensive drug—and a druggist testified the prescription was filled. But again there was no proof that the insured knew the content of the prescription or that the drug was to relieve hypertension. Moreover, there was proof from which it might have been found that the visit of insured to the doctor on the date in question was for the treatment of a cold. In response to questions by defense counsel, who called the witness, the doctor replied " He [the insured] consulted me for what he thought was a cold " and again — " He thought he had a cold. He had neuritis."

There was received in evidence a portion of a written statement made on an unspecified date by plaintiff. This was received as being an admission by a party. Therein plaintiff related that in late 1955 her husband went to the named doctor for what he thought was neuritis. The doctor " found a blood pressure which was high and for which he prescribed some pills for my husband to take ". This, of course, was evidence to be evaluated with the other proof by the triers of the fact in deciding whether or not the insured knew in January, 1956 that he had or had been treated for hypertension. It obviously did not conclusively prove such knowledge on the part of the insured.

The defendant submitted proof, pursuant to the permissve provision of subdivision 2 of section 149 of the Insurance Law, that if it had known that insured was found by his doctor to have hypertension in November, 1955, the policy would not have been issued. Proof was also adduced, pursuant to subdivision 3 of the same section, as to the practice of defendant with respect to the acceptance or rejection of similar risks during the period in question.

Thus, as the case went to the jury there were at least two separate issues to be decided. Subdivision 2 of section 149 provides that no misrepresentation shall avoid the contract of insurance or defeat recovery unless it was material. The first issue was whether the alleged misrepresentation relating to hypertension was material. Upon the present proof we conclude that any finding by the jury that the alleged misrepresentation was immaterial would be against the weight of the credible evidence.

The second issue was whether or not the misrepresentation was made within the meaning of subdivision 1 of section 149. Here the test was whether the misrepresentation was knowingly made.

(Cf. *Bronx Sav. Bank* v. *Weigandt*, 1 N Y 2d 545.) Defendant was required to establish by a preponderance of the proof that the insured knew at the time he furnished the replies to defendant's medical examiner that (1) he had or (2) had been told that he had or (3) had been treated for high blood pressure. This presented the second factual issue for the jury. The decision of the trial court amounted to a directed verdict on this issue in favor of the defendant and could only have been made upon the conclusion that " by no rational process could the trier of the facts base a finding in favor of the [plaintiff] upon the evidence here presented." (*Blum* v. *Fresh Grown Preserve Corp.*, 292 N. Y. 241, 245.) Such conclusion was erroneous.

While we have the undoubted power to reverse and reinstate the verdict (*Mysliwiec* v. *Lowenthal Co.*, 280 App. Div. 1001) such action should not be taken. Inasmuch as a general verdict was returned it is impossible to tell whether the verdict was based on a finding that the alleged misrepresentation was immaterial or that it was not knowingly made. " Since, however, no one can know or say on which ground the jury arrived at its verdict, there must be a new trial." (*Fein* v. *Board of Educ.*, 305 N. Y. 611, 613.)

In the light of the foregoing, consideration should be given upon the retrial to the submission to the jury of a special verdict or a general verdict with special findings (Civ. Prac. Act, §§ 458, 459; 6 Carmody-Wait, New York Practice, pp. 648, 652).

The judgment should be reversed and a new trial granted.

GOLDMAN, HALPERN and MCCLUSKY, JJ., concur.

Judgment unanimously reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event.