Gibson, J.
The plaintiff suing on the primary cause of action in this negligence case was injured when the defendants’ automobile backed into her as she stood upon the street. By a divided vote, the Appellate Division affirmed the judgment entered upon the verdict of no cause of action. The order of the Appellate Division must be reversed for error in the trial court’s instructions to the jury and in certain of its rulings upon evidence.
Plaintiff testified that she was standing behind defendants’ automobile, which was parked on the north side of 33rd Street, between 7th and 8th Avenues in New York City, waiting until a break in traffic should permit her to cross the street to Pennsylvania Station, when the defendant operator backed the vehicle suddenly and without warning, and struck her down. The defendant said that he did not see plaintiff until after the accident. No other witness viewed the actual collision.
There was substantial error in the court’s refusal to charge the provisions of subdivision (a) of section 1211 of the Vehicle and Traffic Law, providing: ‘ ‘ The driver of a vehicle shall not back the same unless such movement can be made with safety and without interfering with other traffic. ’ ’ This error respondents would have us excuse as nonprejudical, and on the premise that the court’s general exposition of the law of negligence and the reiteration of various rules defining, in generalities, the parties’ respective duties, in some way substituted for the precise and specific statutory provision which plaintiff properly requested be charged as bearing directly upon the facts to which the parties testified. Contrary to respondents ’ contention, however, the recital of general rules respecting the driver’s duty of reasonable care and his obligation to keep ‘‘a reasonably vigilant lookout for pedestrians ” and to give warning to them, ‘ •' if necessary ’ ’, was no fair substitute for the imperative ‘ ‘ shall not back ” appearing in the statute quoted. “ In cases where the law has detailed the duty resting on a reasonably prudent man, general instructions are inadequate. ’ ’ (Barnevo v. Munson S. S. Line, 239 N. Y. 486, 492.)
In the entire charge, indeed, there was neither any indication that defendants ’ car was being backed nor any reference to the *208 statutory and other obligations imposed upon a driver backing an automobile. As was held in a somewhat comparable situation in Taggart v. Vogel (3 N Y 2d 58, 60), “ [t]he refusal to grant the plaintiff’s request and the charge as given deprived the plaintiff of a substantial right accorded by law ” and constituted “ error too grave to be disregarded.”
The error was compounded by an almost complete lack of specificity in the over-all charge; and, in particular, by the failure to discuss the evidence and to relate to it the principles of law that were charged, and to apply to each party’s version the pertinent statutory and decisional law.[1] We deem it essential that a charge ‘‘ incorporate the factual contentions of the parties in respect of the legal principles charged.” (Arroyo v. Judena Taxi, 20 A D 2d 888, 889; O’Connor v. 595 Realty Assoc., 23 A D 2d 69, 74, app. dsmd. 17 N Y 2d 493; Kroemer v. Raybestos Manhattan, 247 App. Div. 105, 106.) The trial court’s instructions ‘ ‘ should state the law as applicable to the particular facts in issue in the case at bar, which the evidence in the case tends to prove; mere abstract propositions of law applicable to any case, or mere statements of law in general terms, even though correct, should not be given unless they are made applicable to the issues in the case at bar. * * * Thus, in negligence actions mere abstract rules applicable to any negligence case, or mere statement of the law of negligence in general terms, even though correct, should not be given unless made applicable to the issues in the case at bar.” (53 Am. Jur., Trial, § 573; 38 Am. Jur., Negligence, § 370; and see Dambmann v. Metropolitan St. Ry. Co., 180 N. Y. 384, 386-387, mot. for rearg. den. 181 N. Y. 504.)
We agree with the statement in New York Pattern Jury Instructions that the charge ‘ ‘ should be precise and specifically related to the claim of liability [citations]. Broad general statements of the law are inadequate [citations].” (1 NYPJI 2.) It has been well said that ‘ ‘ [i] it imperative to state and outline *209 separately the disputed issues of fact, as the nature of the case and the evidence may require. Without this kind of guidance the proceedings will not result in an intelligent verdict.” (McBride, Art of Instructing the Jury, § 4.18, p. 143; emphasis as in original.) The corollary, as stated by the same author, is that “ an accurate statement of law is not sufficient if it is not related to the precise issue ” (op. cit., § 5.02, p. 182). The rule cannot be overstressed, so vital is it to the fair submission of a jury case.
There was error, too, in the reception of evidence. Counsel for plaintiff, while cross-examining defendant driver as to his assertion that he did not know that his car had struck plaintiff, exhibited to him his motor vehicle report, specifically directing his attention ‘ ‘ to the last three words ’ ’ in the paragraph describing the accident, the words being, ‘ ‘ pedestrian knocked down ”. The defendant conceded that he so reported. Counsel was not, however, permitted to read the three words to the jury; but on defendant’s redirect examination, nevertheless, the court, over plaintiff’s objection, received the exhibit as to the complete paragraph, which defendant’s counsel was permitted to read to the jury as follows: “ Description and apparent cause of accident : pedestrian stepped off curb, mid-block, from blind spot to right-rear of driver. Police officer’s instruction to vehicle to back up was interpreted by pedestrian as signal for her to cross street. Vehicle’s motion less than one mile per hour, but pedestrian knocked down.” The reception of this hearsay and self-serving evidence, whereby defendant conjectured plaintiff’s interpretation of a police officer’s alleged signal to defendant, was clear error. The obvious and intrinsic prejudice was significantly increased by reason of the fact that the court permitted defendant to recount the officer’s directions to him, while excluding plaintiff’s testimony as to the officer’s instructions to her. (See Barbagallo v. Americana Corp., 25 N Y 2d 655; Schabel v. Onseyga Realty Co., 233 App. Div. 208, 212; Richardson, Evidence [9th ed.], § 211.)
The order of the Appellate Division should be reversed and a new trial granted, with costs to abide the event.

. Thus, in the court’s main charge, covering 15 pages in the printed record, the only reference to the proof on the issue of liability was contained in one short sentence. That sentence and the instructions concerning it were as follows: “You remember Mrs. Green said she was standing still. You have to determine whether that’s true or otherwise. You have to determine which speed each was traveling at, because if each persisted in its course, the pedestrian will be struck by the automobile.”