Jasen, J. (dissenting).
I dissent and vote to affirm. The major questions present in this case are issues of fact decided adversely to appellant and. affirmed by the Appellate Division, *210 and, as such, they are beyond our power of review. (N. Y. Const., art. VI, § 3.) Nor do I believe that there was any legal error in the charge which prejudicially influenced the jury’s verdict.
The plaintiff testified that she was standing in the road in the middle of the block behind defendants ’ parked car when it suddenly and without warning backed and struck her. Defendant Downs testified that, after being ordered to back up by a policeman, he glanced around, saw that the way was clear, looked in the rear-view mirror and began backing. After moving a short distance, he discovered a woman standing ahead of his car on the sidewalk with a shocked expression on her face and stopped the car. He had not realized that he had struck plaintiff. Consequently, there was a clear issue of fact presented as to how the accident occurred. Defendant’s testimony, if believed, could lead the jury to reasonably infer that plaintiff had negligently stepped into the path or the side of a moving vehicle.
Although it was error for the court to decline to charge section 1211 of the Vehicle and Traffic Law, the instructions given so closely approximate the meaning of that section as to make its omission harmless error.
The court first charged as to defendants’ duty of due care in watching for pedestrians and then emphasized that this duty was not changed by the fact that plaintiff was not in a crosswalk. The court finally specifically charged as to the driver’s duty in starting a stopped vehicle: “ I further charge you that the law provides that no person shall remove a vehicle that is stopped, standing, or parked, unless and until such movement can be made with reasonable safety.” The essential difference between the charge given and section 1211 is that section 1211 applies specifically to backing, rather than the general movement of a car. However, since it was conceded at the trial that the accident occurred while the defendant was backing his car, it seems evident that the charge given conveys precisely the same duties upon a motorist as section 1211. The duty of due care to look out for pedestrians is the same whether the car is moved forward or backward.
I agree that general instructions are inadequate when the law has detailed a specific duty (Barnevo v. Munson S.S. Line, 239 *211 N. Y. 486, 492), but that is not the case here. The jury was specifically charged as to defendants’ duty of care in watching for pedestrians and in moving a parked vehicle. Thus, a specific instruction was given which, in effect, negated the failure to charge section 1211.
Moreover, this case is also distinguishable from Taggart v. Vogel (3 N Y 2d 58), wherein the failure to charge the applicable regulation was highly prejudicial since the applicable regulation there specified a duty of care not reiterated elsewhere in the charge. Additionally, section 1211 merely reiterates a common-law duty of due care, rather than creating any new standards of care as to the operator of a motor vehicle. Thus, I am of the opinion that the failure to charge this section was obviated by the charge given and, as such, the error was harmless.
Any error in the reception into evidence of defendant’s MV 104 accident report was also harmless. The part of that report which read “ pedestrian knocked down” was first introduced into evidence by the plaintiff in an apparent attempt to contradict defendant’s testimony that he did not know how the accident occurred. Plaintiff opened the door to the introduction of this report by first bringing it into issue himself. After this portion of the report had been read, the jury could have been left with the erroneous impression that the defendant had either admitted liability or had filed a report that was inconsistent with his trial testimony. Hence, the admission of the entire report was necessary to combat these impressions. Even if it was erroneous to admit that portion wherein the defendant interpreted plaintiff’s intentions, the error was obviated by the fact that defendant admitted that this statement was just surmise and speculation.
Consequently, I would affirm the judgment below.
Chief Judge Fuld and Judges Burke and Bergan concur with Judge Gibson; Judge Jasen dissents and votes to affirm in a separate opinion in which Judges Scileppi and Breitel concur.
Order reversed, etc.