■ NANCY H. ARIDAS, Respondent, v CHARLENE E. CASERTA, an Infant, by Her Parent and Guardian, et al., Appellants.—In a negligence action to recover damages for personal injuries, defendants appeal from a judgment of the Supreme Court, Suffolk County, entered December 16, 1975, which is in favor of plaintiff and against them, after separate jury trials as to the issues of liability and damages. Judgment reversed, on the law, and as between plaintiff and defendant Long Island Bus Co., Inc., complaint dismissed, with costs, and as between plaintiff and defendants Charlene E. Caserta and Elwood Union Free School District No. 1, action severed and case remanded to Trial Term for a new trial on the issues of liability and damages, with costs to abide the event. The findings of fact have not been reviewed. This court had not previously "reviewed" the issues of liability in the case at bar and is not therefore foreclosed from reviewing them on this appeal (see CPLR 5501, subd [a], par 1; but cf. *Bray v Cox*, 38 NY2d 350, wherein the Court of Appeals construed its own rules more strictly). The record is barren of any proof of actionable negligence or contractual liability on the part of the defendant Long Island Bus Co., Inc. There is no requirement that school buses must display flashing red lights when receiving or discharging pupils on a private road owned and maintained by a school district (Vehicle and Traffic Law, §§ 300, 375, subd 20); any extension of the law in this regard is properly a matter for the Legislature. Trial Term committed prejudicial error as to defendant Caserta by charging subdivision (a) of section 1174 of the Vehicle and Traffic Law. It was undisputed that none of the school buses lined up outside the school had their lights in operation, and the jury could have been misled into believing that Caserta had a statutory duty to stop despite that fact. Trial Term's very general charge with respect to the school district's duty of supervision was inadequate in that it failed to incorporate the factual contentions of the parties (see *Green v Downs*, 27 NY2d 205). Since there were disputed questions of fact as to just what safety precautions the school district had taken, Trial Term should have marshaled the evidence. Latham, Acting P. J., Margett, Damiani, Rabin and Shapiro, JJ., concur.