■ ANCHOR MOTOR FREIGHT, INC., Respondent, v ISIDORE SHAPIRO, Defendant, and LONG ISLAND SIGNAL CORPORATION, Appellant. (Action No. 1.) ISIDORE SHAPIRO, Respondent, v LONG ISLAND SIGNAL CORP., Appellant. (Action No. 2.) LONG ISLAND SIGNAL CORP., Third-Party Plaintiff-Appellant, v ANCHOR MOTOR FREIGHT, INC., et al., Third-Party Defendants and Fourth-Party Plaintiffs-Respondents; TOWN OF ISLIP, Fourth-Party Defendant and Fifth-Party Plaintiff-Appellant; LONG ISLAND SIGNAL CORPORATION, Fifth-Party Defendant-Respondent.—In unconsolidated actions, *inter alia,* to recover damages for personal injuries and property damage, Long Island Signal Corporation and the Town of Islip appeal separately from an interlocutory judgment of the Supreme Court, Suffolk County, entered August 28, 1975, upon a jury verdict, following a joint trial limited to the issue of liability only, which, *inter alia,* (1) is against Long Island Signal Corporation and in favor of the plaintiffs in Actions Nos. 1 and 2, (2) is against the Town of Islip and in favor of Long Island Signal Corporation on their respective claims for indemnification and (3) apportioned liability between appellants as follows: 45% against Long Island Signal Corporation and 55% against the Town of Islip. Interlocutory judgment reversed, on the law and in the interest of justice, and actions remanded to Trial Term for a new trial between all parties and as to all causes, with costs to abide the event. In view of the complexity and length of the trial, we are of the opinion that Trial Term erred in charging only abstract principles of law, and in failing

to marshal the evidence and to incorporate the contentions of the various parties into its charge. Where a charge, as here, is so inadequate as to preclude a fair consideration of the issues by the jury, a new trial is warranted, even in the absence of a proper exception (see *Green v Downs,* 27 NY2d 205; *O'Connor v 595 Realty Assoc.,* 23 AD2d 69; *Arroyo v Judena Taxi,* 20 AD2d 888). On the retrial the court might give consideration to the use of a special verdict (see CPLR 4111). Martuscello, Acting P. J., Latham, Margett, Damiani and Titone, JJ., concur.