■ CHRISTINE COLASURDO, Respondent, v WALDBAUM'S FORTY-ONE, INC., Appellant.—In a negligence action to recover damages for personal injuries, defendant appeals from a judgment of the Supreme Court, Queens County, entered July 12, 1976, which is in favor of plaintiff-respondent and against it, upon a jury verdict. Judgment affirmed, with costs. There was ample evidence, if believed by the jury, as it apparently was, to sustain the verdict. While the Trial Judge's charge could have been more detailed in marshaling the facts in relation to the applicable law, nevertheless, it was adequate and presented the case fairly to the jury. Furthermore, no exceptions to the charge were taken by defendant's counsel. Cohalan, Rabin and Mollen, JJ., concur; Martuscello, Acting P. J., dissents and votes to reverse the judgment and grant a new trial, with the following memorandum: On May 16, 1974 plaintiff-respondent, an 82-year-old woman, was assaulted by an apparently deranged customer in defendant-appellant's supermarket. Plaintiff testified at the trial that she had accidentally bumped the assailant, who began to scream at her and, thereafter, when she attempted to walk around the assailant, the latter "slammed" her with a shopping cart, causing her to fall and suffer hip injuries. Plaintiff further testified that, during the course of the assault, defendant's security guard was standing alongside of the assailant, in a position to intervene, but failed and neglected to take any affirmative action to protect her. The store manager denied this, testifying that, while he was aware of a general commotion in the store, when he arrived at the area where plaintiff had fallen, the security guard was not present and had to be summoned via the public address system. The store manager further testified that, although he knew the assailant to be a loud, abusive person, he had no actual knowledge of whether she had had prior specific "run-ins" with other customers. The security guard also testified and denied plaintiff's allegations, but the police officer's aided card, which was introduced into evidence, listed the security guard as a witness. Finally, the summation of plaintiff's counsel is replete with references to both the security guard's failure to act and a second theory of negligence, based upon the store manager's failure to supervise against dangerous customers entering the premises. In my view, under the circumstances herein, the trial court erred in failing to fully incorporate the factual contentions of the parties in its charge or, for that matter, discuss any of the evidence presented. Hence, it deprived the defendant of a fair trial (see *Green v Downs,* 27 NY2d 205). As noted in the *Green* case, the Court of Appeals has consistently evinced an intent, in accordance with the New York Pattern

Jury Instructions, that the charge (pp 208–209): " 'should be precise and specifically related to the claim of liability [citations]. Broad general statements of the law are inadequate [citations].' (1 NYPJI 2.) It has been well said that '[i] it [is] imperative *to state and outline separately the disputed issues of fact, as the nature of the case and the evidence may require.* Without this kind of guidance the proceedings will not result in an intelligent verdict.' (McBride, Art of Instructing the Jury, § 4.18, p. 143; emphasis as in original.) The corollary, as stated by the same author, is that 'an accurate statement of law is not sufficient if it is not related to the precise issue' *(op. cit.,* § 5.02, p. 182). The rule cannot be overstressed, so vital is it to the fair submission of a jury case." In the case at bar the trial court merely instructed the jury on the *general principles* of negligence, proximate cause, lack of ordinary care, reasonable foreseeability and acts committed within the scope of employment. With respect to the issue of the shopkeeper's liability, the trial court charged as follows: "if you find that a condition of danger existed and that the defendant storekeeper knew of the condition long enough in advance of plaintiff's accident to have permitted him in the exercise of reasonable care to have corrected the condition and that he failed to do so, or if you find that the defendant storekeeper did not know of the condition but that in the exercise of reasonable care he should have known of it and corrected it, you will find that the defendant was negligent. If you find that the defendant storekeeper did not know the condition and that by the exercise of reasonable care he would not have been able to discover it and correct it, you will find that the defendant was not negligent." Such a general charge may well have reinforced, in the minds of the jury, the summation of counsel for plaintiff concerning dual acts of negligence, i.e., based upon the security guard's failure to act and the store manager's failure to keep undesirables out of the store. The single instance of specificity in the charge, where the court attempted to relate general principles of law to the facts adduced, is the following: "If you find that Waldbaum's uniformed security guard, within the scope of his authority and in furtherance of the defendant's business negligently acted or failed to act causing an accident to befall the plaintiff, you will hold the defendant responsible for such an omission." Indeed, the trial court, apparently aware of its obligation to charge more than mere broad general statements of law, attempted to rationalize its failure to be more specific, or to discuss the factual contentions of the parties, by stating: "Members of the jury, you have heard of the circumstances surrounding an occurrence which befell the plaintiff on May 16, 1974 in defendant's supermarket. *The trial of this matter has been so brief and I feel the testimony as to this case is so fresh in your mind that I cannot burden you with a recital from me at this time.* My understanding of what the facts are is totally irrelevant in any event since you alone are the sole judges of the fact" (emphasis supplied). I find that this rationalization is not legally sufficient. Under these circumstances, the jury was not given proper guidance to enable it to reach a verdict. Furthermore, the use by plaintiff's counsel of two separate and independent theories of negligence provides an additional reason for reversal and a new trial. It is inescapably clear that the trial court's charge clearly embodied both theories by reference to both the security guard and "storekeeper" (the manager). The jury returned a general verdict and this, unfortunately, renders it impossible to determine which act of negligence served as the basis for its determination. Inasmuch as the record reveals that plaintiff failed to establish a prima facie case with respect to the theory of negligence concerning the conduct of the store manager, the verdict should not stand

"since the jury might have rested its verdict on this [nonexistent] act of negligence" (see *O'Connor v 595 Realty Assoc.,* 23 AD2d 69, 73, app dsmd 17 NY2d 493).