■ SHIRLEY FROZZITTA, Respondent-Appellant, v INCORPORATED VILLAGE OF FREEPORT et al., Appellants-Respondents.—In a negligence action to recover damages for personal injuries, (1) defendants the Incorporated Village of Freeport and the Slominskys separately appeal from an amended judgment of the Supreme Court, Nassau County, entered May 12, 1976, which, after a jury trial, is in favor of plaintiff and against them, and apportioned liability, and (2) plaintiff cross-appeals, on the ground of inadequacy, from so much of the said judgment as awarded her damages. Amended judgment modified, on the law and in the interest of justice, by deleting the first decretal paragraph thereof, which awarded plaintiff damages, and by substituting therefor a provision directing that a new trial shall be held limited to the issue of damages only. As so modified, amended judgment affirmed, without costs or disbursements, and action remitted to the Trial Term for a new trial in accordance herewith. The judgment to be entered at the conclusion of the new trial shall apportion damages in the same percentages as they are apportioned in the amended judgment under review. The award of $75,000 is excessive if the fracture of the hip, and its associated injuries, are excluded from those injuries sustained by plaintiff for which she may recover, by reason of her failure to use the available seat belt (see *Spier v Barker,* 35 NY2d 444). However, the award is inadequate if plaintiff may recover for such injuries. The award was apparently the result of an improper compromise and must, therefore, be set aside in the interest of justice. At the new trial there should be propounded to the jury the following interrogatories, as suggested by 1 NY PJI2d 256: "1. Total damages sustained by the plaintiff $____. 2. If you find that some of plaintiff's damages would not have been sustained if (he, she) had been wearing a seat belt, write in here the amount included in number one which you find to be the amount of such damages $____. 3. Amount of number one $____ less amount of number two $____ Verdict $____." The finding that the defendants were negligent is not against the weight of the evidence and the apportionment of liability by the jury is proper. Hopkins, Acting P. J., Latham, Damiani and Hawkins, JJ., concur.