■ KELLY A. LUE, an Infant, by Her Mother and Natural Guardian, HYACINTH LUE, et al., Respondents, v JOSEPHINE ENGLISH, Appellant, et al., Defendant.—In an action, *inter alia,* to recover damages from medical malpractice, defendant English appeals from a judgment of the Supreme Court, Kings County, entered March 9, 1976, which is against her and in favor of plaintiffs, upon a jury verdict. Judgment affirmed, with costs. The verdict in favor of the infant plaintiff and her mother is amply supported by the evidence in the record. Martuscello, J. P., Cohalan and Mollen, JJ., concur; Rabin, J., dissents and votes to reverse the judgment and to grant a new trial, with the following memorandum: In this medical malpractice case it is claimed that Dr. Josephine English, an obstetrician, was negligent in the forceps delivery of the infant plaintiff, which negligence allegedly resulted in severe visual problems, including bilateral, convergent strabismus and pendular nystagmus. The jury returned with a general verdict in plaintiffs' favor affirmatively answering written interrogatories to the effect that the forceps lacerated the infant's left eye and that this had been a "midforceps" delivery. The verdict is unsupported by the evidence, especially as respects proximate cause, insofar as it is based upon the theory of an improper "midforceps" delivery. The failure to record the station of the fetal head at the time forceps were applied, in the hospital record, did not, in the light of other evidence herein, establish an "O station" delivery. Moreover, the testimony of appellant's expert obstetrician, upon which plaintiffs heavily rely, indicated that a "low midforceps" delivery would have been entirely proper. His testimony that the "trauma of delivery" was the causative factor clearly referred not to any so-called traumatic forceps application, but to the natural pressures inherent upon the fetus' passage down the birth canal, the fetus, in his view, being a tight fit in the canal. Hence, it was error to submit the "midforceps" theory to the jury. Insofar as it is based upon the theory of misapplication of forceps, resulting in laceration of the left upper eyelid, the verdict is against the weight of the credible evidence. In particular I note that the opinion testimony of appellant's expert ophthalmologist was based upon the speculative assumption that the forceps were mispositioned on two separate occasions during the deliv-

ery, a theory which plaintiffs, themselves, never embraced. Finally, I also find that the trial court's instructions to the jury were inadequate to aid it in coming to an intelligent determination. It is apparent from this record that the jury was left to flounder as respects the bases for liability and proximate cause inasmuch as the court's definition of the issues was very general and its marshaling of the evidence was done in a conclusory fashion. In a complicated, lengthy trial of this nature, expecially where the jury was having trouble with technical language, and counsel were rather imprecise in their use of various terms, it was incumbent upon the trial court to be as precise and specific as reasonably possible (see *Green v Downs,* 27 NY2d 205, 208-209).