■ HUGH V. QUIGLEY, Respondent, v COUNTY OF SUFFOLK et al., Appellants, et al., Defendants.—In an action to recover damages for personal injuries, the County of Suffolk and the Suffolk County Police Department appeal from a judgment of the Supreme Court, Suffolk County, entered January 5, 1979, which, after a jury trial, is in favor of the plaintiff in the principal amount of $190,000. Judgment reversed, on the law and in the interest of justice, without costs or disbursements, and the action is remitted to Trial Term for a new trial in accordance herewith. This action arises out of the alleged assault and negligent handling of the plaintiff on March 15, 1972 by members of the Suffolk County Police Department at the Fifth Precinct at Patchogue, New York, to which the plaintiff was taken and held under arrest on a charge of driving a motor vehicle while intoxicated. The case was submitted to the jury on three separate theories of liability as alleged in the complaint. First, upon the intentional tort of assault, in that while being lodged in a cell by police officers, the plaintiff was shoved and kicked toward the cell door with such violence that he fell forward and sustained a fractured hip and injury to his leg; second, that the plaintiff suffered bodily harm in the negligent manner in which he was thereafter dragged from the cell; and third, that the police negligently failed to determine the extent of plaintiff's injuries and allowed him to remain on the

floor of his cell in great pain without obtaining medical attention for him. In presenting the case to the jury, the Trial Justice stated: "The first and/or the second basis can be considered by you if you find Mr. Quigley's injuries were sustained as he testified. The third way it can be considered by you, if you find that Mr. Quigley's injuries were sustained in a manner *other* than as he testified." (Emphasis added.) A verdict under the first theory of liability would include damages for the intentional infliction of the injuries, and under the second theory, for their negligent aggravation and the pain and suffering involved. A verdict, however, under the third theory would, of necessity, include only the pain and suffering endured during the period of plaintiff's incarceration when he was left in an injured condition without medical attention, and it would not include the damages sustained under the first or second theories. Under the posture of the general verdict rendered herein, it is not possible to determine upon what theory the jury found liability against the appellants, nor to which theory of liability the award of damages related. Consequently, since the basis upon which recovery was founded is not known, it is impossible to determine whether the amount of damages was correctly awarded and this has prejudiced the appellants' right to obtain appellate review. Although the trial court recognized the necessity for the separate consideration by the jury of each cause of action when it stated, "I want you in turn to make your decision on one before you go to the next one", it nevertheless failed to provide for verdicts in such form. It was error for Trial Term, under such circumstances, to have directed the jury to find a general verdict (see *Fein v Board of Educ.,* 305 NY 611; *Hartnett v Home Life Ins. Co.,* 18 AD2d 281; *Frozzitta v Incorporated Vil. of Freeport,* 57 AD2d 827). Upon remand the trial court is to utilize the procedures of CPLR 4111 which allow for the use of a special verdict, or a general verdict accompanied by answers to interrogatories (see *Frozzitta v Incorporated Vil. of Freeport, supra; Brandt Corp. v Warren Automatic Controls Corp.,* 37 AD2d 563). When requested to marshal the evidence in this case of about five weeks' duration, the Trial Justice stated: "I don't normally marshall the evidence. I will refer to the evidence. The trial, in my opinion has not been of such long duration that they cannot recall it. I am sure both counsel will refer to those portions of the evidence that they feel best suits them." In view of the nature of this case, which included different theories of liability and damages, and the sharply disputed issues of fact, this reason was patently insufficient. In *Porter v Avlis Contr. Corp.* (57 AD2d 222, 226), this court held: "A charge should incorporate the factual contentions of the parties in respect of the legal principles charged *(Arroyo v Judena Taxi,* 20 AD2d 888, 889; *O'Connor v 595 Realty Assoc.,* 23 AD2d 69, 74, app dsmd 17 NY2d 493). In negligence actions, mere abstract rules applicable to any negligence case, or mere statements as to the law of negligence in general terms, should not be given unless made applicable to the issues in the case at bar *(Green v Downs,* 27 NY2d 205, 208)." It also appears from the record that the trial court failed to instruct the jury in relation to contributory negligence as the same may apply to the cause of action based on the third theory of liability for negligence. The jury demonstrated its confusion as to whether contributory negligence was to be applied to either the second or third theory of liability. The court's instruction on contributory negligence, which followed, did not sufficiently indicate to the jury to which theory and under what factual pattern it may be applied. Under the circumstances, a new trial is required (see *Biener v City of New York,* 47 AD2d 520, 521). Lazer, J. P., Gibbons, Gulotta and Cohalan, JJ., concur.