■ JOANNE M. RUDES, as Administratrix of the Estate of LYLE M. RUDES, JR., Deceased, Respondent-Appellant, v RAYMOND G. WALRATH et al., Appellants, and GUY V. MARCINKO, Doing Business as MARCINKO EXCAVATING & DEMOLITION, Respondent. — Order reversed, on the facts, without costs, and verdict reinstated. Memorandum: The jury verdict was not against the weight of the evidence. The testimony established that the driver of the truck collided with the intestate's car because of a defect which prevented him from turning the steering wheel to the right. Moreover, since the steering defect had not manifested itself before, the jury could find that there was no negligence by the owner of the truck in failing to discover any defect prior to the accident. The sharply conflicting expert testimony offered by both sides presented purely factual questions which the jury resolved against plaintiff, and we cannot say that these findings could not be reached on any fair interpretation of the evidence. We have examined plaintiff's remaining contentions regarding the charge and find they do not warrant a new trial. All concur, except Callahan, J., who dissents and votes to affirm the order, in the following memorandum.

Callahan, J. (dissenting). I vote to affirm the order setting aside the verdict. In any event, plaintiff is entitled to a new trial, because the charge to the jury was inadequate and erroneously defective as a matter of law. It is well established that a Trial Judge must relate the law to the evidence, as well as to the contentions of the parties, in giving a charge to the jury (*Green v Downs*, 27 NY2d 205). " '[I]t is imperative *to state and outline separately the disputed issues of fact, as the nature of the case and the evidence may require*. Without this kind of guidance the proceedings will not result in an intelligent verdict.' (McBride, Art of Instructing the Jury, § 4.18, p. 143; emphasis as in original.)" (*Green v Downs, supra,* at pp 208-209.) This rule is critical where different theories of liability are asserted, issues of fact are sharply disputed, the trial is complex, or the trial is long (see, e.g., *Quigley v County of Suffolk,* 75 AD2d 888; *Anchor Motor Frgt. v Shapiro,* 56 AD2d 573). The failure of a Trial Judge to apply the charged law to the facts at issue as well as to the theories asserted by the parties is considered such a substantial error that a new trial will be ordered even when no objection was made to the charge (*Zipay v Benson,* 47 AD2d 233, 235; *Arroyo v Judena Taxi,* 20 AD2d 888). The Trial Judge herein gave the jury two separate charges. The first related solely to the issue of whether Johnston was an employee of Marcinko. The second related to the theories of liability. A reading of these separate charges reveals that the court totally failed to marshal the evidence. In the special verdict charge, the only attempt to summarize the facts and contentions of the parties were briefly stated: "Defendant Marcinko claims that he hired Walrath to perform specific work; that Walrath sent the truck and Johnston to do that work; that while he gave directions to Johnston concerning where to go and what to haul and

where to haul it, he never had or assumed paramount control and direction of Johnston or the work. Defendant Walrath says that he simply rented the truck to Marcinko, and agreed to furnish a driver. But that after Johnston got in the truck and Walrath did not see him again and each went about the work assigned him." The court then summarized a number of factors for the jury to consider and stated: "All of these factors I mentioned are evidentiary in some respect — that is to say, you heard about them in the evidence." The general instruction almost completely fails to mention any of the evidence or contentions. The only attempt made is two paragraphs which deal with one issue: "The Plaintiff claims that the Gouverneur Motor Sales failed to disclose to the owner Walrath that the truck in question was in need of adjustment, corrections or repairs. In considering the evidence in this case, and you must determine whether the Plaintiff has proved that the Defendant Gouverneur Motor Sales, Inc. failed to comply with that statute * * * It is claimed that the Defendant failed to comply with Section 1120 of the Vehicle and Traffic Law, as I said to you, in which I read to you, and it is also claimed that the Defendant Gouverneur Motor Sales failed to comply with the Inspection Law." Since this trial involved a number of different theories of negligence, asserted against four defendants, the jury was improperly instructed. Nineteen witnesses testified in response to questions from four lawyers. Forty-six exhibits were introduced. This record exceeds 1,000 pages. Much of the testimony was either inconsistent or totally conflicting. These facts illustrate that the jury was confronted with the task of resolving factual disputes in a complex trial. The charge as given left the jury wading through the evidence unguided by the court, therefore the verdict should be dismissed and a new trial granted. (Appeal from order of Jefferson Supreme Court, Inglehart, J. — wrongful death.) Present — Simons, J. P., Hancock, Jr., Callahan, Doerr and Moule, JJ.