■ KEVIN M. ISABELL et al., Respondents, v MANFRED E. THUMM et al., Appellants. — Yesawich, Jr., J. Appeal from a judgment of the Supreme Court in favor of plaintiffs, entered June 12, 1984 in Broome County, upon a verdict rendered at Trial Term (Fischer, J.), and a decision of said court which partially granted defendants' motion to set aside the verdict.

On January 5, 1982, plaintiff Kevin M. Isabell (hereinafter plaintiff) was injured when the tractor trailer he was driving collided with a tractor trailer owned and operated by defendants. In the negligence suit that followed, a jury awarded plaintiff $359,500 for loss of future earnings and $180,000 for his personal injuries; his wife received $36,000 on her derivative claim for the loss of her husband's services and consortium. Defendants promptly moved for an order setting aside the verdict and for a new trial on the issues of liability and damages. The trial court found little merit to the liability aspect of that

motion, but ordered a new trial on all of the damage issues unless plaintiff stipulated to reduce his award of damages for lost earnings from $359,000 to $160,000; he so stipulated and defendants appealed.

We affirm for the reasons stated in the trial court's decision. The only claim of error advanced by defendants meriting additional comment is the contention that, despite being asked to do so by the parties, the trial court declined to require the jury to specify, in a verdict sheet already consisting of nine questions, the percentage or amount by which plaintiff's injuries would have been mitigated had he been wearing a seat belt that was available to him but concededly was not used. In *Spier v Barker* (35 NY2d 444), the instructions delivered to the jury did not call for any such particularization (*supra,* at p 448) and the Court of Appeals found that charge free from error (*supra,* at p 449). While it is recommended that interrogatories involving the seat belt defense should indicate precisely what portion of the total damage award plaintiff would not have suffered had a seat belt been worn (*see,* 1 NY PJI2d 256; *Frozzitta v Incorporated Vil. of Freeport,* 57 AD2d 827, *lv denied and appeals dismissed* 44 NY2d 815), resort to such interrogatories in a given case still remains a matter within the sound discretion of the trial court (*see, Johnson v Artkraft Strauss Sign Corp.,* 45 AD2d 482).

Aside from asking the jury to determine if any of plaintiff's injuries were caused by his failure to use an available seat belt, the verdict sheet also called upon the jury to decide if plaintiff incurred a "serious injury" within the meaning of Insurance Law § 671 (renum Insurance Law § 5102 by L 1984, ch 367, eff Sept. 1, 1984); the comparative negligence of plaintiff and defendants; the money damages sustained by plaintiff, calculated from the date of the accident; the amount of his lost future earnings reckoned from January 5, 1985, three years after the accident; and the derivative money damages to be awarded plaintiff's wife. We find no impropriety in the trial court's effort to avoid the real possibility that asking the jury to make separate findings of reduction in damages attributable to any failure to use the seat belt, as counsel in the precharge conference had suggested, would simply invite misunderstanding by the jury (*cf. Curry v Moser,* 89 AD2d 1, 4). By thoroughly charging the jury with respect to the application of the seat belt defense, the trial court presented the issue sufficiently.

Judgment affirmed, with costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.