CHUCK ROTHBERG et al., Appellants, v WILLIAM DONOHOE, Respondent.

The plaintiffs sought to recover damages resulting from the injuries sustained by the infant plaintiff, who was allegedly bitten by the defendant's dog.

We agree with the plaintiffs' contention that the judgment

in favor of the defendant must be reversed because of the trial court's instructions to the jury. Specifically, in its supplemental charge concerning the issue of the vicious propensity of the dog, the trial court stated: "Dogs bite for various reasons, some of which may be for vicious reasons and some might be for reasons of self defense or reasons which are known only to the dog, like being annoyed by persons or being vexed by people. Or dogs may bite not out of viciousness, but out of a sense of protecting a master". However, a review of the record fails to reveal any evidence to support these theories as to why the dog may have bitten the infant plaintiff. Thus, the trial court improperly permitted the jury to consider these reasons for the dog's conduct and the plaintiffs' objection with respect to this part of the charge should have been sustained. As noted by the Court of Appeals, "[t]he trial court's instructions 'should state the law as applicable to the particular facts in issue in the case at bar, which the evidence in the case tends to prove; mere abstract propositions of law applicable to any case, or mere statements of law in general terms, even though correct, should not be given unless they are made applicable to the issues in the case at bar' " (Green v Downs, 27 NY2d 205, 208, quoting from 53 Am Jur, Trial, § 573). The resultant prejudice which arose by the trial court's instructions was not dissipated by its statement that one of the examples, namely, that a dog bites to protect its master, was unsupported by the evidence.

Accordingly, a new trial is warranted.

In light of our determination, we need not reach the other issues raised on appeal. Lazer, J. P., Niehoff, Lawrence and Kooper, JJ., concur.