Smith, J.
(concurring). I agree with the majority that the Physicians’ Desk Reference is not, in and of itself, admissible as a standard of care in a medical malpractice action. I write solely to emphasize my view that a generalized Pattern Jury Charge on medical malpractice may be insufficient given the facts of a particular case. Here, the case centered on whether Dr. Lasky committed medical malpractice in prescribing Estinyl (estrogen medication) for the plaintiff. The standard of care includes a physician’s knowledge and appropriate use of medications, including the risks associated with their use. A plaintiff is entitled to a charge to this effect.
The problem here is that the requested charge as to the standard of care in prescribing medications was included in a single written request by plaintiff, much of which was inappropriate. While there was an offer by plaintiff to redact the requested charge, the conference which preceded the charge is not a part of the record. Therefore, any discussion of proposed changes is absent from this record. I concur in the result as to the charge solely because there is no record showing any specific requests to change the charge requested. The fact that specific requests are not shown here does not change the fact that in a proper case, a plaintiff is entitled to a charge focused on the appropriate standard of care in the prescribing of medications (see, Green v Downs, 27 NY2d 205, 208 [“The trial court’s instructions ‘should state the law as applicable to the particular facts in issue in the case at bar, which the evidence in the case tends to prove; mere abstract propositions of law applicable to any case, or mere statements of law in general terms, even though correct, should not be given unless they are made applicable to the issues in the case at bar’ ”]).
Chief Judge Kaye and Judges Bellacosa, Levine, Ciparick *241 and Rosenblatt concur with Judge Wesley; Judge Smith concurs in result in a separate opinion.
Order affirmed, without costs.