■ HAROLD LOVELACE, Appellant, v AMETEK, INC., Defendant and Third-Party Plaintiff-Respondent-Appellant; INDUSTRIAL KNITTED FABRICS & FINISHING CORPORATION, Third-Party Defendant-Respondent. — Yesawich, Jr., J. Appeals (1) from an order of the Supreme Court at Special Term (Graves, J.), entered March 29, 1984 in Montgomery County, which granted defendant's motion for summary judgment dismissing the complaint, and (2) from an order of said court, entered April 25, 1984 in Montgomery County, which granted third-party defendant's cross motion for summary judgment dismissing the third-party complaint.

Defendant is the successor in interest to Tolhurst Machine Works (Tolhurst). In 1920, Tolhurst manufactured an extractor which operates not unlike a top-loading washing machine in its spin cycle in that wet fabric is loaded into the drum and rotates at high speed, thereby forcing the water out by centrifugal force. The extractor's industrial-size drum is centrally suspended and rotated by a belt-driven shaft. To protect the operator, Tolhurst equipped the machine with three safety devices: (1) two hinged

interlocking covers which completely overlaid the large opening at the top of the drum; (2) a device which prevented the machine from starting when the covers were not closed; and (3) a locking mechanism which foreclosed opening the covers while the drum was spinning.

On May 2, 1980, plaintiff, in the course of his employment with third-party defendant, placed a load of wet fabric in the extractor. As the machine gained momentum, a piece of fabric left the drum, wrapped around plaintiff's arm and dragged him into the drum, causing plaintiff serious injuries.

Plaintiff thereafter commenced the present action against defendant asserting causes of action in strict products liability and negligence. After impleading plaintiff's employer, defendant moved for summary judgment dismissing the complaint and third-party defendant's cross claims. Third-party defendant then cross-moved for summary judgment dismissing both the complaint and defendant's third-party complaint. Special Term granted summary judgment in favor of defendant and third-party defendant. Plaintiff and defendant appeal; defendant does so only to ensure that if plaintiff's complaint is reinstated, its third-party complaint is also reinstated.

The case of *Robinson v Reed-Prentice Div.* (49 NY2d 471) governs and requires an affirmance. There the court stated: "We hold that a manufacturer of a product may not be cast in damages, either on a strict products liability or negligence cause of action, where, after the product leaves the possession and control of the manufacturer, there is a subsequent modification which substantially alters the product and is the proximate cause of plaintiff's injuries" (p 475).

It is undisputed that on the occasion of plaintiff's injury, none of the three safety devices designed to protect those running the extractor were operative and, further, that but for want of those devices, the accident would not have occurred. Although there is a lack of agreement as to why the safety devices were rendered inoperative, the evidence is clear that someone other than defendant removed the protective covers, rotated the mechanical interference rod 180 degrees out of position, thereby forestalling workability of the safety feature requiring the covers to be closed before the extractor started, and welded the locking device so it, too, was ineffectual. Moreover, defendant's director for products reliability analysis noted that "[t]o misposition the [mechanical interference] rod was not an easy feat". Even if such tampering and defeat of the extractor's protective devices was foreseeable during the 60-year interval between its manufacture and the accident, the responsibility for injuries therefrom

would not fall on defendant. Essentially, plaintiff's objections to the extractor's design are premised on his expert's opinion that the manufacturer was duty bound to make the machine failsafe, a thesis squarely rejected in *Robinson v Reed-Prentice Div.* (*supra*).

Orders affirmed, without costs. Main, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.