■ PETER F. ATTANASIO, JR., an Infant, by PETER F. ATTANASIO, SR., His Parent and Natural Guardian ad Litem, et al., Respondents, v ANTOINETTE ATTANASIO, Appellant.—Levine, J. Appeal from an order of the Supreme Court (Mercure, J.), entered March 27, 1986 in Schenectady County, which denied defendant's motion for summary judgment dismissing the complaint.

Plaintiffs commenced the instant suit after infant plaintiff Peter Attanasio, Jr. (hereinafter plaintiff) was injured while cutting hedges in front of the house of his grandmother, defendant herein. The complaint alleged that defendant was negligent in providing plaintiff with a defective, hand-operated hedge clipper and in failing to instruct him on how to perform the work, to adequately supervise him, or to provide him with

a safe workplace in violation of Labor Law § 200. Following pretrial discovery, defendant moved for summary judgment. Supreme Court denied the motion and this appeal by defendant ensued.

In our view, summary judgment in favor of defendant should have been granted. Plaintiff testified at his examination before trial that although he had never cut hedges before, he had observed his father do so and had almost completed the task with ease when he lost his balance and fell forward into the hedges with the clippers in his hand. Plaintiff initially stated that the clippers were stiff, but specifically conceded that this condition did not contribute in any way to his fall. The only attribute of the clippers that he at all alluded to was its weight, which he testified, in response to his own attorney's questions, was five pounds and "could have" caused him to lose his balance. Apart from the fact that, at the time of the accident, plaintiff weighed 175 pounds, that the weight of the clippers may have contributed to his fall is not probative on the issue of their defectiveness.

The foregoing binding admissions conclusively establish that the sole cause of plaintiff's fall was his loss of balance. Plaintiff has not in any way attributed that loss of balance to defendant's alleged failure to supervise or instruct him. Likewise, since the evidence established that plaintiff was a volunteer and was not to be compensated for clipping the hedges, Labor Law § 200 is inapplicable to establish liability on defendant's part (see, Alver v Duarte, 80 AD2d 182, 183).

Order reversed on the law, without costs, motion granted and complaint dismissed. Kane, J. P., Main, Weiss, Levine and Harvey, JJ., concur.