■ JOHN LYNN et al., Respondents-Appellants, v McDONNELL DOUGLAS CORP., Respondent, and PAN AMERICAN WORLD AIRWAYS, INC., Appellant-Respondent, et al., Defendant.—In a negligence action to recover damages for personal injuries, etc., (1) the defendant Pan American World Airways, Inc. (hereinafter Pan Am) appeals (a) from an order of the Supreme Court, Nassau County (Kelly, J.), dated March 10, 1986, which denied its motion to vacate and set aside a jury verdict as against it, and for judgment as a matter of law in its favor, and (b) as limited by its brief, from so much of an interlocutory judgment of the same court, dated April 9, 1986, as, upon a jury verdict on the issue of liability, apportioned 82.5% of the fault in the happening of the accident to it, and (2) the plaintiffs cross-appeal, as limited by their notice of cross appeal and brief, from so much of the same interlocutory judgment as is in favor of the defendant McDonnell Douglas Corp. and against them on the issue of liability.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the interlocutory judgment is modified, on the law, by deleting the first, third, fourth and fifth decretal paragraphs thereof; as so modified, the interlocutory judgment is affirmed, and a new trial of the plaintiffs' claims against Pan Am is granted; and it is further,

Ordered that the order is modified accordingly; and it is further,

Ordered that the cross appeal is dismissed; and it is further,

Ordered that one bill of costs is awarded to abide the event.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of an interlocutory judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the interlocutory judgment (CPLR 5501 [a] [1]).

The plaintiffs failed to perfect their cross appeal in compliance with the provisions of 22 NYCRR 670.8. A respondent may not perfect a cross appeal by submitting only the notice of cross appeal in his brief and using the record furnished by

the appellant, absent the consent of the appellant *(see, Caceci v Di Canio Constr. Corp.,* 132 AD2d 591; *Kapchan v Kapchan,* 104 AD2d 358, 359). Therefore, the plaintiffs' cross appeal must be dismissed.

On April 25, 1981, the plaintiff John Lynn sustained physical injuries as a result of an elevator accident on an airplane during the course of his employment with the defendant Pan Am. After John Lynn applied for and received workers' compensation benefits, the plaintiffs commenced the instant action against McDonnell Douglas Corp., the manufacturer of the airplane, National Airlines, Inc. (hereafter National) the purchaser of the airplane, and Pan Am, which acquired the airplane as a result of its merger with National approximately 15 months prior to the accident. The plaintiffs alleged, *inter alia,* that National was negligent in failing to adequately care for, service, and inspect the airplane, and that this negligence was a proximate cause of the accident. The jury, after a trial on the issue of liability only, apportioned fault in the happening of the accident at 82.5% against Pan Am as the successor corporation to National, and 17.5% against John Lynn. An interlocutory judgment was subsequently entered, and the instant appeals and cross appeal ensued.

We note initially that the exclusivity provisions of the Workers' Compensation Law *(e.g.,* Workers' Compensation Law § 11) do not bar the instant action to recover damages from National through Pan Am, its corporate successor. The Court of Appeals held in *Billy v Consolidated Mach. Tool Corp.* (51 NY2d 152, *rearg denied* 52 NY2d 829) that the aforementioned exclusivity provisions do not preclude a common-law action against an employer for injuries sustained by an employee in the course of his employment where the employer's liability is alleged to have arisen solely from its independent assumption, by contract or operation of law, of the obligations and liabilities of a third-party tort-feasor. The court observed that "[i]t would be grossly inequitable to permit [the employer] to avoid its assumed obligations solely because the injured party was coincidentally an employee and the injuries in question arose in the course of his employment" *(Billy v Consolidated Mach. Tool Corp., supra,* at 162). Here, Pan Am assumed all the liabilities and obligations of National as a result of the merger *(see,* Business Corporation Law § 906 [3]). Since National, the alleged third-party tortfeasor, may not invoke the exclusivity provisions of the Workers' Compensation Law as a defense to the common-law action, Pan Am, which stands in the shoes of National with

respect to the question of liability, may likewise not do so *(see, Billy v Consolidated Mach. Tool Corp., supra,* at 161-162).

We find, however, that certain fundamental deficiencies in the jury charge mandate that the verdict in favor of the plaintiffs and against Pan Am be set aside. Although the complexity of the liability issues to be resolved by the jury under the *Billy* doctrine called for particular clarity in the court's charge, the court failed to convey to the jury the basic principles underlying Pan Am's potential liability as a successor to National. Most fundamentally, the court failed to clearly advise the jury that Pan Am could not be held liable for any negligent acts it may have committed during the 15-month period when it maintained and owned the aircraft. This error was further compounded by the court's charge with respect to intervening causes, under which the jury was instructed that National was chargeable with foreseeable acts of negligence committed by third parties. Since there was no evidence in the case concerning the negligence of any third party other than Pan Am, such an instruction erroneously suggested to the jury that it was authorized to consider the postmerger acts of Pan Am—for which no recovery by the plaintiffs was possible—in assessing the extent of National's premerger negligence. Moreover, the court further erred in declining to instruct the jury that it could consider postmerger negligent acts of Pan Am, if any, as either contributing or superseding causes by which the plaintiffs' recovery against Pan Am might be diminished or defeated. As a result, the jury was precluded from properly assessing the impact of Pan Am's ownership and maintenance of the aircraft during the 15 months which immediately preceded the occurrence of the accident.

The court's discussion of the parties' respective contentions in its charge was unbalanced. A court's charge should incorporate the factual contentions of the parties with respect to the legal principles charged *(see, Green v Downs,* 27 NY2d 205, 208; *Bender v Nassau Hosp.,* 99 AD2d 744, 746; *Blaize v City of New York,* 80 AD2d 594, 595; *Quigley v County of Suffolk,* 75 AD2d 888, 889; *see also, Arroyo v Judena Taxi,* 20 AD2d 888, 889; *cf., Gordon v Kaufman,* 112 AD2d 350). At bar, the court fully enumerated the plaintiffs' contentions, but failed to set forth those of the defendants. Nor did the court adequately relate the evidence to the pertinent principles of law and to each party's arguments *(see, Gordon v Kaufman, supra).* Under the circumstances, we conclude that a new trial is re-

quired of the plaintiffs' claims against Pan Am. Kunzeman, J. P., Kooper, Spatt and Sullivan, JJ., concur.