■ ROBERT E. FADALE et al., Respondents, v ALLEGHENY LUDLUM STEEL CORPORATION, Appellant.—Order unanimously reversed on the law without costs and motion granted. Memorandum: Plaintiff, Robert Fadale, was injured at his place of employment when a bundle of steel rolled off a storage rack and fell on his foot. He brought this action against defendant, Allegheny Ludlum Steel Corporation, alleging that it designed and installed the storage racks. The complaint sets forth two causes of action: one for negligent design and manufacture and the other for strict products liability. Defendant moved for summary judgment in its favor and Special Term denied the motion. We reverse.

On its motion for summary judgment, defendant submitted evidence showing that it was not the same corporation that designed and installed the storage racks, and that it did not succeed to the interests of that corporation. Defendant did not come into existence until after its parent corporation designed the storage racks and installed them in a building owned by the parent corporation. Further, defendant never owned or possessed the storage racks or the building in which they were installed. Plaintiff has submitted no evidence to the contrary.

Even if defendant had designed and installed the storage racks, it would not be liable to plaintiff. Defendant has submitted uncontroverted evidence that neither it nor the corporation that designed the racks was in the business of manufacturing or selling storage racks. Because defendant was not regularly engaged in the business of manufacturing or selling the product that caused plaintiff's injuries, it is not liable to the users of the product, either in strict products liability or in negligence *(see, Sukljian v Ross & Son Co.,* 69 NY2d 89, 96-97; *Copp v Corning Glass Works,* 114 AD2d 144). (Appeal from order of Supreme Court, Chautauqua County, Cass, J.—summary judgment.) Present—Doerr, J. P., Denman, Boomer, Green and Lawton, JJ.