■ **ALBERT GOKEY et al., Respondents, v VICTOR CASTINE et al., Appellants.**—Kane, J. P. Appeal from an order of the Supreme Court (Ryan, Jr., J.), entered October 20, 1989 in Clinton County, which denied defendants' motions for summary judgment dismissing the complaint and all cross claims.

This action seeks damages for injuries sustained by plaintiff Albert Gokey resulting from an accident which occurred in 1980 at defendant Victor Castine's farm in the Town of Champlain, Clinton County. Gokey had voluntarily undertaken to occasionally work on Castine's farm for several years prior to the accident and for which Castine informally compensated him each year. On the day at issue, Gokey arrived at Castine's farm and began harvesting corn, a process which

involved the use of a forage harvester. The harvester became blocked, as it had on a number of occasions that day, and Gokey attempted to clear it by reversing the power on the harvester's cutting blades, as he had successfully done previously. The unit remained jammed and Gokey dismounted the tractor and attempted to loosen the wedged corn stalks with his hands. At this point, both the tractor and the harvester were still running, as Gokey had failed to engage the switch that deactivated the unit's power. While Gokey was attempting to dislodge the corn stalks, his pant leg caught and was pulled into the cutting mechanism and his right foot was severed.

Plaintiffs thereafter commenced this lawsuit against Castine, as well as defendants International Harvester Company and International Harvester Company of Canada, Ltd. (hereinafter collectively referred to as International), which designed and manufactured the model 720 forage harvester involved, and defendant John H. Dragoon, doing business as Dragoon's Farm Equipment (hereinafter Dragoon), the retailer which sold and serviced the forage harvester. Each defendant subsequently moved for summary judgment dismissing plaintiffs' complaint and all cross claims, with Dragoon also moving for summary judgment on its cross claim for indemnity against International. Supreme Court denied the motions and this appeal followed.

We turn first to Castine's motion for summary judgment dismissing plaintiffs' complaint which alleged negligence on Castine's part. Although mindful of the fact that issues of negligence do not customarily lend themselves to the drastic remedy of summary judgment *(see, Ugarriza v Schmieder,* 46 NY2d 471, 475-476), we find, as a matter of law, that the record demonstrates insufficient causation between Castine's alleged negligence and plaintiffs' injuries to hold Castine liable therefor *(see, Derdiarian v Felix Contr. Co.,* 51 NY2d 308, 315). Regardless of Gokey's employment status, Castine owed a duty to provide a safe place to work *(see, Russin v Picciano & Son,* 54 NY2d 311, 316-317; *Zalduondo v City of New York,* 141 AD2d 816, 817). The uncontroverted facts, however, reveal that Gokey was fully familiar with the forage harvester's operation and well aware that it should be disengaged before working on it. Given Gokey's extraordinary decision to attempt to clear the unit while it was still running, liability may not be reasonably attributed to any alleged negligence by Castine *(see, Attanasio v Attanasio,* 126 AD2d 812, 813; *see also, Mack v Altmans Stage Light. Co.,* 98 AD2d

468, 471; *cf., Kush v City of Buffalo,* 59 NY2d 26, 33). Accordingly, Castine was entitled to summary judgment dismissing the complaint and cross claims against him.

We cannot conclude similarly with regard to International and Dragoon. Plaintiffs' complaint alleges strict products liability on International's part, as well as breach of express and implied warranties. Plaintiffs maintain that questions of fact exist regarding, *inter alia,* alleged defects in the forage harvester's design *(see, Micallef v Miehle Co.,* 39 NY2d 376). "[A] defectively designed product is one which, at the time it leaves the seller's hands, is in a condition not reasonably contemplated by the ultimate consumer and is unreasonably dangerous for its intended use" *(Robinson v Reed-Prentice Div.,* 49 NY2d 471, 479). International argues that Gokey's conduct in clearing the harvester while it was still running was the sole cause of plaintiffs' injuries. However, "a manufacturer is obligated to exercise that degree of care in his plan or design so as to avoid any unreasonable risk of harm to anyone who is likely to be exposed to the danger when the product is used in the manner for which the product was intended * * * as well as an unintended yet reasonably foreseeable use" *(Micallef v Miehle Co., supra,* at 385-386). The determinations as to whether the product at issue was defectively designed and whether the defect was the proximate cause of the injury are traditionally left to the jury *(see, Voss v Black & Decker Mfg. Co.,* 59 NY2d 102, 106). Plaintiffs have submitted expert opinion concerning defects in the design of the forage harvester, including the lack of emergency stop switches in the location where Gokey was injured. We find, accordingly, that International's motion for summary judgment was properly denied.

Inasmuch as retailers and distributors, as well as manufacturers, may be held liable for placing a defective product in the stream of commerce *(see, Sukljian v Ross & Son Co.,* 69 NY2d 89, 95), and Dragoon is regularly engaged in the business of selling farm equipment, Dragoon's motion for summary judgment was also properly denied. Furthermore, factual questions remain regarding the manner in which Dragoon serviced the forage harvester. Accordingly, those issues were properly left for trial.

Order modified, on the law, without costs, by reversing so much thereof as denied defendant Victor Castine's motion for summary judgment; said motion granted, summary judgment awarded to defendant Victor Castine and all claims against

said defendant are dismissed; and, as so modified, affirmed. Kane, J. P., Casey, Levine and Mercure, JJ., concur.