■ James E. Duffy et al., Appellants-Respondents, v Liberty Machine Co., Inc., et al., Defendants, and Tarkett, Inc., Respondent-Appellant.—In an action, inter alia, to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Orange County (Hickman, J.), dated May 25, 1989, which granted the motion of the defendant Tarkett, Inc., to dismiss the complaint insofar as it is asserted against it, conditioned upon its consent to accept service of a summons and complaint as a direct defendant in a related Federal action pending in New Jersey, and to waive the defense of the Statute of Limitations, and the defendant Tarkett, Inc., cross-appeals from so much of the same order as imposed that condition upon the dismissal of the complaint insofar as it is asserted against it.

Ordered that the order is modified, on the law, by deleting the provisions thereof which conditionally dismissed the complaint insofar as asserted against Tarkett, Inc., and substitut-

ing therefor a provision unconditionally dismissing the complaint insofar as it is asserted against Tarkett, Inc., pursuant to Workers' Compensation Law § 11; as so modified, the order is affirmed; and it is further,

Ordered that the defendant Tarkett, Inc., is awarded one bill of costs.

On January 13, 1986, the plaintiff James Duffy was injured while operating a tile planisher machine (hereinafter the machine) for his employer, the defendant Tarkett, Inc. (hereinafter Tarkett). He applied for, and received, workers' compensation benefits. Thereafter, the plaintiffs commenced an action in the United States District Court for the District of New Jersey against the defendant Liberty Machine Company, Inc. (hereinafter Liberty), the manufacturer of the machine, alleging negligence, breach of warranty and strict products liability. In answering the complaint, Liberty also commenced a third-party action against the defendant Tarkett.

Through discovery in the Federal action, the plaintiffs learned that Liberty manufactured the machine designed by the defendant Ruberoid Company (hereinafter Ruberoid), which merged with the defendant GAF Corporation (hereinafter GAF), which later sold its Flooring Division, including the machine, to Tarkett. Nevertheless, they did not name these additional parties in the Federal action. Instead, on November 10, 1988, they commenced the instant action against Liberty, Ruberoid, GAF and Tarkett, alleging, as they did in the Federal action, negligence, breach of warranty and strict products liability. As it concerned GAF and Tarkett, the complaint asserted that they succeeded to the rights and obligations of Ruberoid.

Tarkett moved to dismiss the complaint insofar as it is asserted against it pursuant to CPLR 3211 (a) (4) based on the pendency of the previously commenced Federal action, and based upon the exclusivity provisions of the Workers' Compensation Law. The Supreme Court granted the motion, conditioned upon its accepting service of process in the Federal action, and waiving the defense of the Statute of Limitations. (Although the plaintiffs read the order as dismissing the entire complaint, since the order decided a motion by Tarkett only, we read it as dismissing the complaint only against Tarkett.)

We find that the court erred when it found the plaintiffs' action against Tarkett was not barred by the exclusivity provisions of the Workers' Compensation Law. The limited

exception to Workers' Compensation Law § 11 carved out by the Court of Appeals in *Billy v Consolidated Mach. Tool Corp.* (51 NY2d 152) does not apply to the facts of this case. The plaintiffs can still seek relief from Liberty, the manufacturer of the machine, Ruberoid, the designer of the machine, and GAF which merged with Ruberoid. Tarkett's purchase of the Flooring Division, including the machine, from GAF, did not leave the plaintiffs "without the means to hold [Liberty, Ruberoid and GAF] directly accountable as third-party tortfeasors" *(Billy v Consolidated Mach. Tool Corp., supra,* at 161; *see, Lynn v McDonnell Douglas Corp.,* 134 AD2d 328, 329).

In light of the foregoing, we need not address Tarkett's remaining contention. Harwood, J. P., Balletta, Miller and O'Brien, JJ., concur.