OPINION OF THE COURT
James N. White, J.
The defendant in this personal injury action predicated upon strict products liability and negligence theories of liabil *977 ity is moving for an order dismissing the complaint on the ground it fails to state a cause of action (CPLR 3211 [a] [7]). In the event the motion is not granted, it seeks to have Mary Campbell’s derivative cause of action dismissed on the ground it is barred by the Statute of Limitations (CPLR 3211 [a] [5]).
The standards followed in determining a CPLR 3211 (a) (7) motion are that the court must assume the truth of the complaint’s material allegations as well as whatever can be reasonably inferred therefrom and the motion should be denied if any cognizable cause of action can be discerned from the allegations of the complaint (McGill v Parker, 179 AD2d 98).
Here, the complaint alleges that on December 21, 1987, the infant plaintiff Terry Campbell, then six years old, took possession of a cigarette lighter manufactured by the defendant and placed it underneath his shirt. He then activated the lighter which produced a flame that ignited his clothing causing him to suffer severe burns. It is plaintiffs contention that defendant had the capacity to produce cigarette lighters with child resistant qualities and that its failure to do so was a design defect as it made the lighters unreasonably dangerous.
Defendant contends that these allegations do not set forth a cognizable cause of action either in strict products liability or negligence as it did not have a duty to design and manufacture child resistant lighters since the lighters it manufactured were intended only for adult use. In support of its position it relies upon section 402A of the Restatement (Second) of Torts and cases from other jurisdictions.
It points out that section 402A recognizes that a manufacturer is not an insurer for every injury that may arise from the use of its product and the fact that a product presents some risk does not make it defective. Thus, it maintains that, under section 402A, a manufacturer does not owe a plaintiff a duty of care unless its product was in a condition not reasonably contemplated by the ultimate consumer and was being used for the purposes and in the manner normally intended. Defendant contends that plaintiff cannot make this showing since the use of its lighter by a child is not a normally intended use and, since the risks associated with a lighter are open and obvious, plaintiff cannot argue that the lighter was in a condition not reasonably contemplated by the ultimate consumer.
*978 The law in New York is broader than that set forth in the Restatement. In this State, in addition to having a duty to design a product so that it avoids an unreasonable risk of harm to anyone who is likely to be exposed to danger when the product is being used as intended, a manufacturer also has the duty to design its product so that it avoids an unreasonable risk of harm when it is being used for an unintended but foreseeable use (Bickram v Case I.H., 712 F Supp 18 [ED NY]; DeRosa v Remington Arms Co., 509 F Supp 762 [ED NY]; Lugo v LJN Toys, 75 NY2d 850; Gokey v Castine, 163 AD2d 709). Because the lighters manufactured by defendant are commonly used and kept about the home, it is reasonably foreseeable that children will have access to them and will try to use them. Thus, the court finds that defendant did owe plaintiff a duty of care. The law of the other jurisdiction cited by defendant does not affect this finding as it is not comparable to New York’s. Nor does defendant’s invocation of the "open and obvious” doctrine because in New York that is simply another factor that is considered in determining the reasonable care exercised by the parties (Lugo v LJN Toys, 146 AD2d 168, affd 75 NY2d 850). Accordingly, defendant’s motion insofar as it pertains to the strict products liability cause of action is denied.
The court will also deny the motion as to plaintiff’s negligence cause of action since in a design defect case there is almost no difference between a negligence cause of action and one sounding in strict products liability (Lancaster Silo & Block Co. v Northern Propane Gas Co., 75 AD2d 55).
The court will dismiss Mary Campbell’s derivative cause of action since it was interposed more than three years after the accident and was not tolled on account of infancy (Possenti v Sears Roebuck & Co., 148 AD2d 687).