■ CLIFFORD WOOD et al., Appellants, v PEABODY INTERNATIONAL CORPORATION, Respondent-Appellant, and DEPENDABLE REPAIR, INC., Respondent, et al., Defendant. (And a Third-Party Action.)—Harvey, J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Beisner, J.), entered April 3, 1991 in Dutchess County, which granted motions by defendants Peabody International Corporation and Dependable Repair, Inc. for summary judgment dismissing the complaint against them.

Plaintiff Clifford Wood (hereinafter plaintiff) was employed by the City of Poughkeepsie, Dutchess County, as a garbage transport trailer driver. In August 1979, the City purchased a garbage transport trailer manufactured by defendant Peabody International Corporation in accordance with bid specifications promulgated by the City. In connection with this sale defendant Dependable Repair, Inc. prepared the purchase order and invoice in order to provide warranty service. This particular trailer was capable of holding 65 cubic yards of compacted trash and had rear Dutch (top and bottom) doors for loading and unloading compacted trash. Significantly, the City's Invitation to Bid for the trailer specified that the trailer be equipped with four adjustable safety latches along the rear bottom of the trailer and one side latch. The City specified that "[a]ll latches will be operable by a single lever type handle which will be located away from the discharge opening". Despite these evident concerns, the City nevertheless altered the locking mechanism of the trailer by removing the safety latches.

On December 18, 1985, plaintiff drove the trailer to a landfill owned by defendant Al Turi Landfill, Inc. and at-

tempted to empty the trailer's contents. Plaintiff unlatched the bottom door handle by removing a 2- to 3-inch pin and unlatching the chain. Plaintiff released the top door handle in the same manner, opened it and chained it to the side of the trailer. Plaintiff then pulled the bottom door handle with both hands, but it would not open. As plaintiff held the handle, one of the landfill employees attempted to place his bulldozer's blade behind the handle in order to assist in opening the door. Suddenly, the bottom door sprung open and struck plaintiff in the forehead, causing serious injuries.

Plaintiff and his wife thereafter commenced this action against defendants alleging negligence, strict products liability and derivative causes of action. Defendants answered and asserted cross claims against each other for indemnity and contribution.* After discovery was completed, Peabody and Dependable each moved for summary judgment dismissing the complaint and all cross claims against them. Supreme Court found that the City's removal of the four safety locks on the bottom of the lower door was a subsequent modification that substantially altered the trailer and was the proximate cause of plaintiff's injuries. Accordingly, the motions by Peabody and Dependable for summary judgment were granted. Plaintiff appeals from that part of the order that granted Peabody summary judgment.

We affirm. In our view, Supreme Court correctly determined that the City's tampering with the safety lock feature of the trailer was the proximate cause of plaintiff's injuries (see, Robinson v Reed-Prentice Div. of Package Mach. Co., 49 NY2d 471, 475). Although plaintiffs advance several arguments in an attempt to raise triable questions of fact, we do not find them persuasive. Notably, the parties' dispute goes back and forth as to which of two maintenance manuals the City may have been given pertaining to the trailer and whether an adequate warning decal was given to the City to affix to the back of the trailer. However, regardless of whether a warning decal was given and regardless of which manual the City had, the fact remains that both manuals and, most significantly, the City's bid specifications for the trailer and the depositions of the City's own employees, amply detail the awareness of all parties of the importance of keeping employees away from the

---

* Peabody commenced a third-party action against the City requesting contribution or indemnification. Dependable amended its answer and also asserted a claim against the City for contribution or indemnification. The City answered. Apparently, Al Turi Landfill also commenced a third-party action against the City.

back of the trailer when trash was to be disbursed and the importance of the safety locks in making sure that no unforeseen disbursal occurred. As a result, the issue of warnings is irrelevant because there is no need to warn customers of a danger of which they are already aware (see, Cramer v Toledo Scale Co., 158 AD2d 966, 967).

The City points out that it removed the safety locks because they became damaged after the trailer got stuck in the mud and that this was allegedly Peabody's fault for not supplying rear bumper push plates to protect the locks in such a circumstance. Peabody's proof, however, indicates that it sold push plates as an available option and that the City simply did not purchase them. In any event, as noted by Supreme Court, material alterations at the hands of a third party which substantially change a product by destroying the functional utility of a key safety feature are not the responsibility of the manufacturer, even if the modification was foreseeable (see, Robinson v Reed-Prentice Div. of Package Mach. Co., supra, at 481). Significantly, nothing plaintiffs put forward as proof demonstrated that the use of the trailer as contemplated by the manufacturer with all safety locks intact was somehow inadequate or defective. Accordingly, we conclude that Supreme Court appropriately granted summary judgment to Peabody.

The parties' remaining arguments have either been rejected as unpersuasive or rendered academic due to the foregoing resolution of the matter.

Mikoll, J. P., Levine, Mahoney and Casey, JJ., concur. Ordered that the order is affirmed, without costs.