■ JAMES E. DUFFY et al., Respondents, v LIBERTY MACHINE Co., INC., Defendant and Third-Party Plaintiff, et al., Defendant, and GAF CORPORATION, Defendant and Third-Party Plaintiff-Appellant. TARKETT, INC., Third-Party Defendant-Appellant. [631 NYS2d 389] —In an action to recover damages for personal injuries based upon negligence and strict products liability (1) the defendant GAF Corporation appeals, as limited by its brief, from so much of an order of the Supreme Court, Orange County (Silverman, J.), dated February 14, 1994, as denied the branches of its motion which were for summary judgment dismissing the plaintiffs' first, third, and fourth causes of action and all cross claims based on those causes of action, and (2) the third-party defendant Tarkett, Inc., separately appeals from so much of the same order as denied the branches of its separate motion which was for summary judgment dismissing the plaintiffs' first, third, and fourth causes of action insofar as they are asserted against the defendants GAF Corporation and Liberty Machine Co., Inc.

Ordered that the appeal of Tarkett, Inc., is dismissed as withdrawn; and it is further,

Ordered that the order is modified, on the law, by deleting the provision thereof which denied the branch of GAF Corporation's motion which was for summary judgment dismissing the plaintiffs' first cause of action based upon strict products liability, and substituting therefor a provision granting that branch of GAF Corporation's motion; as so modified, the order is affirmed insofar as appealed from and reviewed; and it is further,

Ordered that the defendant GAF Corporation is awarded one bill of costs.

Contrary to the Supreme Court's conclusion, the evidence demonstrates that neither the defendant GAF Corporation (hereinafter GAF) nor its predecessor in interest, the defendant Ruberoid Company, were anything more than casual sell-

ers of planishing machines such as the one involved in plaintiff's accident, and that neither was engaged in the business of manufacturing or selling such machines. Therefore, GAF cannot be held liable to users of the product in strict products liability *(see, Stiles v Batavia Atomic Horseshoes,* 81 NY2d 950; *Sukljian v Ross & Son Co.,* 69 NY2d 89; *Fadale v Allegheny Ludlam Steel Corp.,* 139 AD2d 902; *see also,* Restatement [Second] of Torts § 402A, comment *f).* However, we are in agreement with the Supreme Court that an issue of fact has been presented concerning the nature of the alleged defective condition such that GAF Corporation may be liable in negligence for a failure to warn *(cf., Sukljian v Ross & Son Co., supra; Marte v Hickok Mfg. Co.,* 159 AD2d 316; *Ruggiero v Braun & Sons,* 141 AD2d 528). Miller, J. P., O'Brien, Ritter and Goldstein, JJ., concur.