■ DELORES G. RADLOFF et al., Appellants, v MERWIN ADLER et al., Respondents. [613 NYS2d 779] —Peters, J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from a judgment of the Supreme Court (Gurahian, J.), entered April 19, 1991 in Westchester County, upon a verdict rendered in favor of defendants.

Plaintiff Delores G. Radloff (hereinafter Radloff) began experiencing chronic pain under the big toe of her right foot in 1976 and thereafter sought treatment from numerous podiatrists and medical professionals. In August 1984, Radloff made an appointment to see defendant Jeffrey Adler, a podiatrist who was then practicing with his father, defendant Merwin Adler, also a podiatrist.

On August 20, 1984, Radloff was examined by Merwin Adler, who after concluding, *inter alia,* that Radloff had a bunion, a hammertoe condition and a calcium deposit on her

right foot, performed a bunionectomy, tenotomies and an arthroplasty. On August 28, 1984, Radloff received further treatment from Merwin Adler which included a bunionectomy and tenotomies on the left foot. On September 25, 1984, Radloff returned to defendants' office and Jeffrey Adler performed in-office laser surgery on both feet. Treatment continued by Merwin Adler through November 1985.

Radloff and her husband thereafter commenced this action against defendants alleging negligence in the performance of the various in-office surgical procedures and negligence based on lack of informed consent, as well as a derivative claim. A trial was held in March 1991. Supreme Court instructed the jury on negligence and lack of informed consent. The jury returned a verdict in favor of defendants on all claims and a judgment was entered. Plaintiffs now appeal. Plaintiffs contend that a new trial should be granted because Supreme Court failed to marshal the evidence during its charge to the jury. We disagree. We note that plaintiffs' counsel failed to raise this objection in Supreme Court and therefore the issue is unpreserved for review (see, CPLR 4110-b; *Chazon v Parkway Med. Group*, 168 AD2d 660, 661-662; *Green v Meyer*, 114 AD2d 352).

Notwithstanding such failure, we find that any contention that Supreme Court should have marshaled the evidence on its own initiative due to the complexity of the case is without merit (see, *Bender v Nassau Hosp.*, 99 AD2d 744, 746). Our review of the record reveals that although the trial involved testimony which included medical terminology, the medical terms were repeatedly defined in terms that a layperson could understand, thereby reducing the arguable complexity of the case. Unlike *Bender v Nassau Hosp. (supra),* where the jury repeatedly requested that the charge be reread due to its difficulty in understanding the applicability of the law to the facts, the jury in this case never requested any readbacks and gave no indication that it experienced similar difficulties (see, *supra,* at 746-747). Moreover, our review of the jury charge reveals that Supreme Court did not merely recite abstract principles of law. Rather, it properly reviewed the factual contentions of the parties with respect to the applicable legal principles (see, *Chazon v Parkway Med. Group, supra,* at 662; cf., *Green v Downs*, 27 NY2d 205; *Bender v Nassau Hosp., supra)* and did so in a balanced and unbiased manner (cf., *Lynn v McDonnell Douglas Corp.*, 134 AD2d 328).

In further support of a reversal, plaintiffs contend that

Supreme Court charged the jury with an obsolete jury instruction on the lack of informed consent *(see,* 1 NY PJI 2:150A, at 398-399). According to plaintiffs, the jury's attention was thereby focused on what Radloff would have done under the circumstances if fully informed of the foreseeable risks of treatment rather than what a reasonably prudent person would have done under similar circumstances—the objective standard required under the current charge *(see,* 1 NY PJI 2:150B [1993 Supp, at 377-378]).

The current charge involves the determination of three questions which must be answered in seriation: (1) whether the defendant, before obtaining the plaintiff's consent to the procedure, provided the plaintiff with appropriate information, (2) if such information was not found to have been provided, whether a reasonably prudent person in the plaintiff's position would have consented if given appropriate information, and (3) if a reasonably prudent person would not have consented, whether the procedure was a substantial factor in causing the plaintiff's injury *(see,* 1 NY PJI 2:150B [1993 Supp, at 378]). The former instruction as charged by Supreme Court focused solely on the first question of the current instruction, to wit: whether defendants provided adequate information to Radloff before obtaining her consent to the procedures performed. Hence, with the jury resolving such issue in favor of defendants, we find that the jury never would have reached the second question of the appropriate charge. Accordingly, on the facts presented, we find Supreme Court's error insignificant and reversal of the underlying judgment unwarranted *(see, Fleischer v Melmarkets, Inc.,* 174 AD2d 647, 648).

Mercure, J. P., White, Casey and Weiss, JJ., concur. Ordered that the judgment is affirmed, with one bill of costs.