■ EDWARD S. KRUTE et al., Appellants, v CHRISTOPHER MOSCA et al., Respondents. [650 NYS2d 862] —Mercure, J. Appeal from a judgment of the Supreme Court (Viscardi, J.), entered September 28, 1994 in Saratoga County, upon a verdict rendered in favor of defendants.

In this action to recover for neck injuries allegedly sustained by plaintiff Edward S. Krute (hereinafter plaintiff) in an automobile accident, plaintiffs' appeal focuses on the jury's determination that plaintiff did not sustain a "serious injury" as defined in Insurance Law § 5102 (d). We are not persuaded by the contentions advanced by plaintiffs and accordingly affirm.

At trial, defendants presented the testimony of Daniel Baker, a private investigator who in November 1993 surreptitiously videotaped plaintiff performing landscaping work at his new home. The videotape,[1] received in evidence and displayed to the jury, showed plaintiff engaging in a number of physical activities, including stretching, reaching, bending and squatting, and also lifting, maneuvering and carrying large objects, including lumber and boulders. Supreme Court further permitted the introduction of a number of "stills" (photos that had been "captured" from freeze frames of the videotape), which were used in connection with the questioning of defendants' examining orthopedist, a rock that Baker testified was the same type of Colorado pink granite as the boulders depicted in the videotape, and a common household bathroom scale. Plaintiffs now assert that Supreme Court abused its discretion in permitting the "ill-designed" test of the weight of the boulders and in receiving the "stills" because they constituted "photographs" that had not been provided to plaintiffs in response to their pretrial demand. We disagree.

Clearly, the rock and scale were received in evidence for the purpose of permitting the jury to generally gauge the density and, by extrapolation, the weight of the boulders that plaintiff was observed moving in November 1993. In view of the very limited purpose for the proposed test,[2] i.e., to determine the weight of the rocks in the most general of terms, and the fact that the variation between the size of the rock received in evidence and those shown in the videotape was readily observable by the jury, we conclude that plaintiffs' objections properly went to the weight and not the admissibility of the demonstrative evidence (*see*, Barker and Alexander, Evidence in New York State and Federal Courts § 1105.1, at 869-870; *see also*, *People v Mariner*, 147 AD2d 659, 660, *lv denied* 74 NY2d 666). Therefore, balancing the probative value of the evidence against the potential for misleading or confusing the jury, we are not persuaded that Supreme Court abused its discretion in permitting the test (*see*, *People v Acevedo*, 40 NY2d 701, 704; *see also*, *Harvey v Mazal Am. Partners*, 79 NY2d 218, 224).

---

1. Plaintiffs did not include the videotape in the record on appeal and the copies of the "stills" that were included are largely unintelligible. As a result, we have no alternative but to rely on Baker's trial testimony and defendants' uncontradicted representations concerning the content of the videotape.

2. As correctly argued by defendants, there is no evidence that any test was ever performed. Nonetheless, because the jury could have weighed the rock during the course of their deliberations, we shall proceed on the assumption that such a test was performed.

As for the admission of the "stills", we agree with defendants that these exhibits were an integral part of the videotape that was disclosed to plaintiffs. As such, defendants satisfied the requirements of CPLR 3101 by their timely disclosure of the videotape. Inasmuch as plaintiffs did not request a continuance to examine the still photographs, Supreme Court did not abuse its discretion by admitting these exhibits (*see*, *DiMichel v South Buffalo Ry. Co.*, 80 NY2d 184, 196, *cert denied sub nom. Poole v Consolidated Rail Corp.*, 510 US 816). In contrast, we conclude that plaintiffs violated CPLR 3101 (d) (1) (i) by failing to provide defendants with notice that they intended to offer expert evidence that the videotape had been "edited and altered", and Supreme Court properly disallowed plaintiffs' proffered expert testimony on that basis (*see*, *Ingleston v Francis*, 206 AD2d 745, 745-746).

As a final matter, we reject the contention that the jury's finding that plaintiff did not sustain a serious injury was against the weight of the evidence. Based upon our review of the record, and particularly the conflicting medical evidence, we cannot say that the evidence so preponderated in favor of plaintiffs that the verdict could not have been reached on any fair interpretation of the evidence (*see*, *Lolik v Big V Supermarkets*, 86 NY2d 744, 746).

Cardona, P. J., White, Casey and Spain, JJ., concur. Ordered that the judgment is affirmed, with costs.