■ MARIAN BLANCHARD, Individually and as Guardian of DOUGLAS A. BLANCHARD, Appellant, v JOSEPH WHITLARK, M.D.,

et al., Defendants, and GARY GROSNER, M.D., et al., Respondents. (Appeal No. 1.) [731 NYS2d 410] —Judgment unanimously affirmed without costs. Memorandum: Plaintiff, individually and as guardian of her husband, commenced this medical malpractice action alleging defendants' liability for the catastrophic outcome of heart bypass surgery performed on him. Plaintiff contends that Supreme Court erred in failing to marshal the contentions of the parties; that the court erred in failing to direct the jury to return a special verdict; that cross-examination of plaintiff's expert regarding the possibility of disciplinary action against defendant Gary Grosner, M.D. was improper; that the court erred in admitting certain demonstrative or experimental evidence; that the court erred in permitting cross-examination of plaintiff's rebuttal witness beyond the scope of such rebuttal testimony; that the court improperly permitted defense counsel to refer to Grosner's deposition testimony during direct examination; that defense counsel made improper and prejudicial arguments during summation; and that the court erred in charging the jury that it is not negligence for a physician to permit a surgical resident to participate in a surgery.

The court's charge generally was proper. Although the court should have summarized the parties' factual contentions and legal theories, including plaintiff's various theories of liability (*see, Green v Downs,* 27 NY2d 205, 208), plaintiff has demonstrated no prejudice as a result of the court's failure to do so (*see, Fasano v Crivera,* 260 AD2d 426, 427; *Brown v City of New York,* 154 AD2d 325, 326).

Similarly, in the absence of prejudice to plaintiff, there is no need to reverse as a result of the court's failure to submit a special verdict sheet (*see, Suarez v New York City Health & Hosps. Corp.,* 216 AD2d 287; *see also, Cirasuolo v Cahill,* 119 AD2d 986).

The court did not abuse its discretion in allowing two demonstrations (*see, Uss v Town of Oyster Bay,* 37 NY2d 639, 641; *Goldner v Kemper Ins. Co.,* 152 AD2d 936, 937, *lv denied* 75 NY2d 704). Such evidence may be admitted when it "tends to enlighten rather than to mislead the jury" (*Goldner v Kemper Ins. Co., supra,* at 937). There is no requirement of strict or absolute identity between the circumstances of the case and those of the demonstration; the conditions need only be "substantially the same as existed at the time of the occurrence of the event" (*Santucci v Govel Welding,* 168 AD2d 845, 846; *see, Cramer v Kuhns,* 213 AD2d 131, 138, *lv dismissed* 87 NY2d 860). A variation in circumstances affects the weight to

be given to the demonstration but is not necessarily a basis for its exclusion (*see, Krute v Mosca,* 234 AD2d 622, 623; *Goldner v Kemper Ins. Co., supra,* at 937). Here, testimony concerning the demonstrations was subject to cross-examination and subsequent expert rebuttal testimony, both of which criticized the demonstrations and minimized their significance (*see, Uss v Town of Oyster Bay, supra,* at 641; *Matter of Rudell v Commissioner of Health of State of N. Y.,* 194 AD2d 48, 50-51, *lv denied* 83 NY2d 754; *Goldner v Kemper Ins. Co., supra,* at 937). Under the circumstances, we see no prejudice to plaintiff.

We have examined plaintiff's remaining contentions and conclude that they are either unpreserved for our review or without merit. (Appeal from Judgment of Supreme Court, Erie County, Mintz, J.—Negligence.) Present—Pigott, Jr., P. J., Hayes, Wisner, Kehoe and Burns, JJ.