be given to the demonstration but is not necessarily a basis for its exclusion (*see, Krute v Mosca,* 234 AD2d 622, 623; *Goldner v Kemper Ins. Co., supra,* at 937). Here, testimony concerning the demonstrations was subject to cross-examination and subsequent expert rebuttal testimony, both of which criticized the demonstrations and minimized their significance (*see, Uss v Town of Oyster Bay, supra,* at 641; *Matter of Rudell v Commissioner of Health of State of N. Y.,* 194 AD2d 48, 50-51, *lv denied* 83 NY2d 754; *Goldner v Kemper Ins. Co., supra,* at 937). Under the circumstances, we see no prejudice to plaintiff.

We have examined plaintiff's remaining contentions and conclude that they are either unpreserved for our review or without merit. (Appeal from Judgment of Supreme Court, Erie County, Mintz, J.—Negligence.) Present—Pigott, Jr., P. J., Hayes, Wisner, Kehoe and Burns, JJ.

■ MARIAN BLANCHARD, Individually and as Guardian of DOUGLAS A. BLANCHARD, Appellant, v JOSEPH WHITLARK, M.D., et al., Respondents, et al., Defendants. (Appeal No. 2.) [731 NYS2d 412] —Amended judgment unanimously affirmed without costs. Same Memorandum as in *Blanchard v Whitlark* ([appeal No. 1] 286 AD2d 925 [decided herewith]). (Appeal from Amended Judgment of Supreme Court, Erie County, Mintz, J.—Negligence.) Present—Pigott, Jr., P. J., Hayes, Wisner, Kehoe and Burns, JJ.

■ MARIAN BLANCHARD, Individually and as Guardian of DOUGLAS A. BLANCHARD, Appellant, v JOSEPH WHITLARK, M.D., et al., Respondents. (Appeal No. 3.) [731 NYS2d 412] —Appeal unanimously dismissed without costs (*see,* CPLR 5501 [a] [2]). (Appeal from Order of Supreme Court, Erie County, Mintz, J.—New Trial.) Present—Pigott, Jr., P. J., Hayes, Wisner, Kehoe and Burns, JJ.

■ KAREN JABLONSKI, Individually and as Administrator of the Estate of ROBERT S. JABLONSKI, Deceased, Appellant, v COUNTY OF ERIE et al., Respondents. [730 NYS2d 626] —Order unanimously affirmed without costs. Memorandum: This medical malpractice action, which arose from surgery performed on plaintiff's decedent on January 30, 1992, was commenced in 1993. Plaintiff's decedent died in February 1998. Ten months after decedent's death, the note of issue and statement of readiness were filed. Plaintiff, as administrator of decedent's estate, was substituted for decedent in the action in February 1999. Jury selection was scheduled to commence on June 5, 2000, but was adjourned over defendants' objections to allow plaintiff to bring this motion to amend the amended complaint to add a wrongful death cause of action.