■ ZAHRA SHAHRAM, Appellant, v HANLEY HORWITZ, M.D., Respondent. [773 NYS2d 642]—

Appeal from a judgment of the Supreme Court, Erie County (Frank A. Sedita, Jr., J.), entered March 26, 2003. The judgment dismissed the complaint upon a jury verdict in a medical malpractice action.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff appeals from a judgment dismissing the complaint in this medical malpractice action upon a jury verdict of no cause of action and assessing costs in the amount of $700 against plaintiff. Plaintiff contends that Supreme Court erred in permitting defendant, a plastic surgeon, to elicit testimony from both plaintiff and defendant concerning the fact that he had warned plaintiff of the potential adverse outcomes of the septorhinoplasty performed on plaintiff by defendant. According to plaintiff, that testimony was relevant to an assumption of risk defense, and defendant failed to plead such a defense. We reject plaintiff's contention. Defendant was properly allowed to elicit that testimony in order to attack the credibility of plaintiff with respect to her alleged priorities in having the surgery, i.e., whether her priority was to improve her breathing or to improve her appearance, as well as to counter plaintiff's

allegations of negligence by showing that alar collapse is a known and accepted potential complication resulting from such surgery. Indeed, "a doctor is not liable in negligence merely because a treatment, which the doctor as a matter of professional judgment elected to pursue, proves ineffective or a diagnosis proves inaccurate. Not every instance of failed treatment or diagnosis may be attributed to a doctor's failure to exercise due care" (*Nestorowich v Ricotta*, 97 NY2d 393, 398 [2002], citing *Schrempf v State of New York*, 66 NY2d 289, 295 [1985]).

We conclude that the court erred in precluding plaintiff from questioning her medical expert with respect to a medical record that previously had been received in evidence under the business records exception to the hearsay rule (*see generally* CPLR 4518). The report at issue, an operative report of a surgeon who performed subsequent surgery on plaintiff, constituted out-of-court material " 'of a kind accepted in the profession as reliable in forming a professional opinion' " (*Hambsch v New York City Tr. Auth.*, 63 NY2d 723, 726 [1984]), and thus the court should have allowed plaintiff's expert to testify about the basis for his opinion, which arose from information in the report. Nevertheless, we agree with defendant that the error is harmless. The report itself suggested that defendant made surgical errors and, because the report was received in evidence, it thus was available to the jury. Plaintiff therefore has failed to show that a substantial right was prejudiced (*see* CPLR 2002). Finally, we reject plaintiff's contention that the court erred in giving an "error in judgment" charge. Defendant made the requisite showing that he " 'considered and chose among several medically acceptable treatment alternatives' " in performing the surgery on plaintiff's nose and thus was entitled to the charge (*Nestorowich*, 97 NY2d at 399). Present—Pigott, Jr., P.J., Wisner, Hurlbutt, Kehoe and Lawton, JJ.