██ Elizabeth Graney, Appellant, v Charles J. Ryan, M.D., et al., Respondents. [796 NYS2d 496]—

Appeal from a judgment of the Supreme Court, Cayuga County (Stephen R. Sirkin, A.J.), entered April 13, 2004 in a medical malpractice action. The judgment, upon a jury verdict in favor of defendants, dismissed the complaint.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: On appeal from a judgment entered in favor of defendants in this medical malpractice action, plaintiff contends that Supreme Court erred in its evidentiary rulings at trial and in its jury charge. Plaintiff failed to preserve for our review her contention that the court abused its discretion in precluding her from treating defendant Charles J. Ryan, M.D. as a hostile witness during her direct examination of him. In any event, we conclude that any error arising therefrom is harmless because plaintiff had ample opportunity to cross-examine Dr. Ryan when he testified on his own behalf. The court also did not abuse its discretion in refusing to admit in evidence certain photographs

offered by plaintiff (*cf. Salazar v B.R. Fries & Assoc.*, 251 AD2d 210, 211 [1998]). The court allowed plaintiff to introduce other photographs and drawings that aided the jury in its assessment of medical testimony.

Also contrary to plaintiff's contention, the court properly granted Dr. Ryan's request for an error in judgment charge because there was testimony that Dr. Ryan considered and chose between two medically acceptable treatment alternatives after learning that he failed to remove the entire tumor from plaintiff's shoulder (*see Shahram v Horwitz*, 5 AD3d 1034, 1035 [2004]; *see generally Nestorowich v Ricotta*, 97 NY2d 393, 399 [2002]). Plaintiff further contends that the court erred in refusing to marshal the evidence. "Although the court should have summarized the parties' factual contentions and legal theories, including plaintiff's various theories of liability . . ., plaintiff has demonstrated no prejudice as a result of the court's failure to do so" (*Blanchard v Whitlark*, 286 AD2d 925, 926 [2001]; *see Radloff v Adler*, 205 AD2d 973, 974 [1994], *lv dismissed in part and denied in part* 84 NY2d 988 [1994]). Plaintiff also demonstrated no prejudice arising from the court's failure to submit an itemized verdict sheet to the jury (*see Blanchard*, 286 AD2d at 926; *Veeder v Community Health Plan*, 281 AD2d 756, 758 [2001]). We have considered plaintiff's remaining contentions with respect to the court's evidentiary rulings and jury charge and conclude that they are without merit.

Finally, we reject plaintiff's contention that the verdict is against the weight of the evidence (*see generally McClain v Lockport Mem. Hosp.*, 236 AD2d 864, 865 [1997], *lv denied* 89 NY2d 817 [1997]). It cannot be said that the evidence so preponderated in favor of plaintiff that the verdict could not be reached upon any fair interpretation of the evidence (*see Root v DiRaddo*, 302 AD2d 987, 988 [2003], *lv denied* 100 NY2d 504 [2003]). Present—Martoche, J.P., Smith, Lawton and Hayes, JJ.