MAUREEN SCOFIELD, Appellant, et al., Plaintiff, v DOUGLAS B. MORELAND, M.D., et al., Respondents, et al., Defendant. (Appeal No. 2.) [804 NYS2d 207]—

Appeal from a judgment of the Supreme Court, Niagara County (Amy J. Fricano, J.), entered July 21, 2004. The judgment, inter alia, dismissed the complaint upon a jury verdict of no cause of action.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Maureen Scofield (plaintiff) appeals from a judgment entered upon a jury verdict rendered in favor of defendants in this medical malpractice action arising from spinal fusion surgery performed by Douglas B. Moreland, M.D. (defendant). According to the testimony of defendant at trial, the two "Ray cages" placed in the space between plaintiff's L-5 vertebra and S-1 vertebra became dislodged during the surgery. Defendant testified that he chose one of several alternatives available to him to correct the dislodgement and that, when he examined plaintiff approximately three months after the surgery, he determined that the cages were positioned properly. According to plaintiff, however, she continued to experience pain.

Contrary to plaintiff's contention, Supreme Court properly gave an "error of judgment" charge based upon the testimony of defendant that he exercised his professional judgment in determining which of several available alternatives was appropriate to correct the dislodgement and the testimony of plaintiffs' expert that there were medically acceptable alternatives to correct the dislodgement (*see generally Nestorowich v Ricotta*, 97 NY2d 393, 398-400 [2002]; *Martin v Lattimore Rd. Surgicenter*, 281 AD2d 866 [2001]). Also contrary to plaintiff's contention, the court properly refused to include the language proposed by plaintiffs concerning the definition of medical malpractice. Rather, the court's charge on malpractice was in accor-

dance with PJI3d 2:150 (2005) and accurately reflects the proper standard of care (*see Toth v Community Hosp. at Glen Cove*, 22 NY2d 255, 262-263 [1968]; *Wilson v Mary Imogene Bassett Hosp.*, 307 AD2d 748, 755 [2003]). Finally, we conclude that the verdict is not against the weight of the evidence (*see generally Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995]). Present—Scudder, J.P., Martoche, Pine, Lawton and Hayes, JJ.