■ Courtney Boyles, Appellant, v Carrie L. Lewis et al., Respondents. [977 NYS2d 808]—

Egan Jr., J. Appeal from a judgment of the Supreme Court (Platkin, J.), entered November 5, 2012 in Sullivan County, upon a verdict rendered in favor of defendants.

At approximately 10:00 p.m. on the evening of August 9, 2008, plaintiff was riding as a front-seat passenger in a 2001 Jeep Cherokee operated by defendant Carrie L. Lewis on Morton Hill Road—a narrow, rural roadway bereft of pavement markings or streetlights located in the Town of Colchester, Delaware County. As Lewis proceeded along the road at approximately 20 miles per hour, she observed lights approaching from the opposite direction. Believing that the lights belonged to two four-wheelers traveling side by side, Lewis pulled her vehicle to the right-hand side of the road, slowed to a stop and put the car in park.

Unbeknownst to Lewis, the approaching lights actually belonged to a 1995 John Deere farm tractor equipped with a front-end loader. The tractor was operated by defendant Walter Brzytwa, who had owned a farm on Morton Hill Road for more than 60 years. On the night in question, Brzytwa was in the process of transporting a bale of hay—measuring approximately four feet by five feet—from one of his fields to his barn; the bale of hay, in turn, was held by a "hugger" that was attached to the front-end loader. As Brzytwa approached the driveway to his barn, he encountered a "deep" imperfection in the road—described as a "wash out"—measuring approximately two to three feet wide and marked by a traffic cone. In order to negoti-

ate the wash out, Brzytwa moved his tractor, which was traveling at approximately 7 miles per hour, to the left—staying as close to the cone as possible. As Brzytwa veered around the wash out, the left front tire of his tractor struck the front of Lewis' vehicle. Plaintiff thereafter commenced this personal injury action against defendants. Following a bifurcated jury trial, at which plaintiff, Lewis, Brzytwa and the state trooper who responded to the accident scene appeared and testified, the jury returned a verdict in favor of defendants. This appeal by plaintiff ensued.

Plaintiff initially contends that Supreme Court erred in failing to charge the jury with respect to Brzytwa's alleged violation of Vehicle and Traffic Law § 1120 (a) (3) (failure to yield the right-of-way) and, further, in failing to marshal the evidence. The applicability of the Vehicle and Traffic Law charge need not detain us, as our review of the charge conference reveals that counsel for plaintiff expressly agreed "to go along with" Supreme Court's inclination to charge the jury only as to principles of common-law negligence. Notably, although plaintiff's counsel initially requested that the jury be charged with various provisions of the Vehicle and Traffic Law, including Vehicle and Traffic Law § 1120 (a) (3), those requests were withdrawn following a discussion with defense counsel and Supreme Court, and we will not second-guess counsel's tactical decision in this regard. Plaintiff's related claim—that Supreme Court erred in failing to marshal the evidence—is unpreserved for our review (see Radloff v Adler, 205 AD2d 973, 974 [1994], lv dismissed and denied 84 NY2d 988 [1994]) and, in any event, is lacking in merit given that this was a relatively simple trial of short duration.

Nor do we find merit to plaintiff's claim that the jury's verdict is against the weight of the evidence. A jury verdict should not be set aside as against the weight of the evidence unless the proof "preponderate[d] so greatly in the movant's favor that the jury could not have reached its conclusion on any fair interpretation of the evidence" (Matter of State of New York v James Z., 97 AD3d 1046, 1047 [2012], lv denied 20 NY3d 853 [2012] [internal quotation marks and citations omitted]; see Lolik v Big V Supermarkets, 86 NY2d 744, 746 [1995]; Killon v Parrotta, 98 AD3d 828, 829 [2012]), "and our review [in this regard] is tempered by the considerable deference [that] must be accorded to the jury's interpretation of the evidence and resolution of credibility issues" (Killon v Parrotta, 98 AD3d at 829 [internal quotation marks and citations omitted]). Here, the jury plainly credited the testimony offered by Lewis and

Brzytwa as to the manner in which they operated their respective vehicles and, in so doing, concluded—as evidenced by the verdict sheet—that neither was negligent. To the extent that plaintiff argues that either Lewis or Brzytwa necessarily must be liable for her injuries, we note that the mere fact that an accident occurred is—standing alone—an insufficient basis upon which to impose liability (*see generally Rosenstein v McCutcheon*, 155 App Div 278, 280 [1913]; *Ingram v Fosburgh*, 73 App Div 129, 133 [1902]); rather, plaintiff bore the burden of establishing that defendants were negligent and that such negligence, in turn, was the proximate cause of her injuries. This—the jury concluded—she failed to do, and we discern no basis upon which to disturb the jury's verdict. Plaintiff's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Peters, P.J., Lahtinen and Spain, JJ., concur. Ordered that the judgment is affirmed, with one bill of costs.