# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

**927**

**CA 13-02149**

PRESENT: CENTRA, J.P., CARNI, VALENTINO, AND WHALEN, JJ.

---

MARY BEEBE AND ROBERT BEEBE,
PLAINTIFFS-RESPONDENTS-APPELLANTS,

V                                          MEMORANDUM AND ORDER

ST. JOSEPH'S HOSPITAL HEALTH CENTER,
DEFENDANT,
ASSOCIATES FOR WOMEN'S MEDICINE, PLLC,
CHRISTOPHER LARUSSA, M.D.,
DEFENDANTS-APPELLANTS-RESPONDENTS,
AND SUCHITRA KAVETY, M.D., DEFENDANT-RESPONDENT.

---

SMITH, SOVIK, KENDRICK & SUGNET, P.C., SYRACUSE (MICHAEL P. RINGWOOD OF COUNSEL), FOR DEFENDANTS-APPELLANTS-RESPONDENTS.

KUEHNER LAW FIRM, PLLC, SYRACUSE (KEVIN P. KUEHNER OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS-APPELLANTS.

---

Appeal and cross appeal from an order of the Supreme Court, Onondaga County (Deborah H. Karalunas, J.), entered September 4, 2013. The order, among other things, granted in part plaintiffs' posttrial motion and ordered a new trial as to defendants Christopher LaRussa, M.D. and Associates for Women's Medicine, PLLC.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying the posttrial motion in its entirety and reinstating the verdict in its entirety, and as modified the order is affirmed without costs.

Memorandum: Plaintiffs commenced this medical malpractice action seeking damages for injuries sustained by Mary Beebe (plaintiff) as the result of an infection that developed following an emergency cesarean section. Defendant Christopher LaRussa, M.D., performed the cesarean section and provided pre- and postoperative care to plaintiff. Defendant Suchitra Kavety, M.D., discharged plaintiff from the hospital following the cesarean section and spoke to plaintiff on the telephone several hours following the discharge. At the time, Dr. LaRussa and Dr. Kavety were employed by defendant Associates for Women's Medicine, PLLC (Associates).

Plaintiffs alleged that plaintiff's postoperative infection was the result of Dr. LaRussa's negligence in ordering and administering a single antibiotic prophylaxis for the cesarean section rather than dual antibiotic prophylaxis, and in failing to order appropriate

testing and treatment for plaintiff at a follow-up office visit. Plaintiffs alleged that Dr. Kavety was negligent in discharging plaintiff without conducting further inquiry into the drainage from the surgical incision, and in failing to direct plaintiff to go to the emergency room after plaintiff reported certain symptoms during the telephone call on the day of discharge. A jury trial was conducted, and the jury returned a verdict finding that neither Dr. LaRussa nor Dr. Kavety was negligent. Supreme Court subsequently granted plaintiffs' posttrial motion to set aside the verdict insofar as plaintiffs sought "a new trial . . . as to [Dr. LaRussa], and also as to [Associates]" for the latter's "vicarious liability."

We conclude that the court erred in granting that part of plaintiffs' motion to set aside the verdict in favor of Dr. LaRussa and Associates on the ground that it should not have given an error in judgment charge to the jury with respect to Dr. LaRussa's alleged malpractice in failing to order and administer dual antibiotic prophylaxis for the cesarean section, and on the alternative ground that the verdict in favor of Dr. LaRussa was against the weight of the evidence. We therefore modify the order accordingly. Based upon Dr. LaRussa's testimony that he exercised his professional judgment in choosing between acceptable alternatives, along with expert testimony that there were such acceptable alternatives, we conclude that the court properly gave an error in judgment charge (*see Scofield v Moreland*, 23 AD3d 1082, 1082; *Graney v Ryan*, 19 AD3d 1172, 1173). There was also evidence that Dr. LaRussa considered and chose between medically acceptable treatment alternatives at plaintiff's postoperative office visit, and thus the charge was also appropriately given with respect to his postoperative care of plaintiff (*see Graney*, 19 AD3d at 1173; *Petko v Ghoorah*, 178 AD2d 1013, 1014). Furthermore, we conclude that "the preponderance of the evidence in favor of plaintiff[s] is not so great that the verdict [finding that Dr. LaRussa was not negligent] could not have been reached upon any fair interpretation of the evidence" (*Kettles v City of Rochester*, 21 AD3d 1424, 1425).

Contrary to plaintiffs' contention on their cross appeal, the court properly denied their posttrial motion insofar as it sought an order setting aside the verdict in favor of Dr. Kavety. We conclude that the court properly gave an error in judgment charge with respect to Dr. Kavety's conduct in discharging plaintiff and thereafter "electing to wait and observe her condition rather than undertaking immediate [treatment or testing]" upon receiving plaintiff's telephone call (*Lenzini v Dessler*, 48 AD3d 220, 221). Finally, the verdict in favor of Dr. Kavety is supported by a fair interpretation of the evidence (*see Radish v DeGraff Mem. Hosp.*, 291 AD2d 873, 874).

Entered: October 3, 2014                    Frances E. Cafarell
                                            Clerk of the Court